UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
Northern Division

| | |
|---|---|
| **UNITED STATES OF AMERICA**<br><br>Plaintiff,<br><br>v.<br><br>**WESTVACO CORPORATION**<br><br>Defendant. | CASE NO. MJG 00-CV-2602 |

**DEFENDANT WESTVACO CORPORATION'S MOTION FOR DETERMINATION ON THE PROPER STANDARD FOR MEASURING "POST-CHANGE" EMISSIONS AND NORMAL SOURCE OPERATIONS**

Defendant Westvaco Corporation hereby moves this Court for an order that both prior to and following the Digester Expansion Project, Westvaco Corporation's "actual emissions" of sulfur dioxide, as defined in 40 C.F.R. § 52.21(b)(21)(1981), are the Luke Mill's source specific allowable emissions of sulfur dioxide, as established by the daily sulfur dioxide cap authorized by the State of Maryland and approved by the United States Environmental Protection Agency.

In the alternative, Defendant Westvaco Corporation hereby moves this Court for an order that the two years immediately prior to the commencement of the Digester Expansion Project do not reflect "normal source operations," as used in 40 C.F.R. § 52.21(b)(21)(ii)(1981), for the Luke Mill and therefore emissions data from those years cannot be used to determine the Luke Mill's pre-change emissions baseline.  The two year period prior to the Digester Expansion Project that reflects normal source operation of the Luke Mill for the purposes of 40 C.F.R. § 52.21(b)(21)(ii)(1981) is from June of 1973 to May of 1975, before imposition of sulfur dioxide emissions caps at the mill.

Defendant Westvaco Corporation also hereby moves this Court for an order that 40 C.F.R. § 52.21(b)(21)(iv)(1981) cannot be used to calculate the Luke Mill's "actual emissions" after the Digester Expansion Project.  In the alternative, Defendant Westvaco Corporation hereby moves this Court for an order that any calculation of the Luke Mill's "actual emissions" after the Digester Expansion Project under 40 C.F.R. § 52.21(b)(21)(iv)(1981) take into account not only the existence of sulfur dioxide emissions caps, but also take into account the normal operation of the facility to ensure compliance with those emissions caps.  Because, at the time of the Digester Expansion Project, the mill projected no change in the emissions cap or the normal operation of the mill to comply with the cap, there would have been no change in actual emissions as a result of the Digester Expansion Project for the purposes of the PSD program.

*   *   *

The grounds for this Motion are set forth in the attached Memorandum in Support.

                                                                       _____/S/_____

Raymond B. Ludwiszewski (Bar No. 14905)
rludwiszewski@gibsondunn.com
Peter E. Seley (Bar No. 013542)
pseley@gibsondunn.com
Charles H. Haake (*pro hac vice*)
chaake@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
1050 Connecticut Avenue, N.W.
Washington, D.C.  20036-8500
(202) 955-8500 (voice)
(202) 467-0539 (facsimile)

Andrea Bear Field
afield@hunton.com
Maida O. Lerner
mlerner@hunton.com
James D. Elliott
jelliott@hunton.com
HUNTON & WILLIAMS
1900 K Street, N.W.

                                                              Washington, D.C.  20006-1109
                                                              (202) 955-1500 (voice)
                                                              (202) 778-2201 (facsimile)

Dated: March 19, 2010                                *Counsel for Defendant Westvaco Corporation*

**CERTIFICATE OF SERVICE**

I hereby certify that on March 19, 2010, a true and correct copy of the foregoing Motion for Determination on the Proper Standard for Measuring "Post-Change" Emissions and Normal Source Operations was filed using the Court's electronic case filing system, which results in service on all counsel of record registered on the case management/electronic filing ("CM/ECF") system.

                                                                                              /S/_____

                                                                                             Charles H. Haake