

**UNITED STATES DISTRICT COURT**
DISTRICT OF MARYLAND
101 W. LOMBARD STREET
BALTIMORE, MARYLAND  21201

Chambers of
Hon. Marvin J. Garbis
United States District Judge
410-962-7700

November 8, 2010

ALL COUNSEL OF RECORD

    Re: United States v. Westvaco Corporation, MJG-00-2602

Dear Counsel:

I have reviewed your respective submissions regarding the resolution of remaining issues.  I ask the Government to arrange a prompt on the record conference that can be held by telephone.  The conference will include the pending motion to add the owner of the Luke Mill as a party and to discuss further scheduling.  Please consider the following matters in preparation for the conference.

Additional Defendant:

I will hear from you regarding this matter.  However, it presently appears most sensible to add the owner of the Luke Mill as a party Defendant because that entity may be required to take remedial action.  The fact that Westvaco may be contractually obligated to bear the costs does not eliminate any responsibility on the part of the current owner.  Nor would the fact that the current owner (or, perhaps someone other than the current owner if NewPage is not the current owner) has agreed with Westvaco to "cooperate" in regard to any remedial action warrant the Court's failing to impose a direct remedial obligation on the current owner. Therefore, counsel must be prepared to identify the new owner.  If the new owner wishes to engage separate counsel from Westvaco, it shall be given the opportunity to do so.

Liability issues remaining:

As noted, there are three liability questions:
- Actual pre-change two year period emissions
- Post-change potential to emit
- Causation

The first two of these issues appear susceptible to rather prompt resolution.

The actual pre-change emissions are quite possibly subject to stipulation. If not agreed upon, then it seems that the determination can be made by reference to existing records. Moreover, it is possible that the differences between the parties' positions would be immaterial once the potential to emit issue is resolved.

The post-change potential to emit is dependent upon the decision as to the method of making this determination. There appear to be at least three possible measures:

1. The absolute legal maximum, that is 365 times the daily cap of 49 tons of $SO_2$, i.e. 17,885 tons per year.

2. The physical potential to emit. This would, no doubt, yield an emissions rate well above 17,885 tons per year.

3. A maximum anticipated physical actual rate, possibly based upon a daily rate sufficiently below 49 tons of $SO_2$ to insure that there was no inadvertent violation of the cap. This approach could result in a result below 17,885 tons per year.

Presumably, the determination of the method can be briefed and resolved promptly. If the result were to use method 1 or 2, there would be no factual issue. Method 3 would seem to require a factual finding but hardly one that would be time consuming.

Discovery as to the causation issue would proceed immediately under either side's scheduling approach. I would be interested in hearing your views as to the extent of overlap between causation and remedy discovery and trial evidence.

I am presently considering expedited resolution of liability issues other than causation (as noted above). Also, I am considering immediate commencement of discovery on causation and remedial issues with a shorter period for causation discovery and, as may be necessary, a longer period for remedy discovery. Therefore, overlapping discovery could be prioritized.

                                                    Yours truly,

                                          _____/s/_____
                                             Marvin J. Garbis
                                      United States District Judge