UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
: 
UNITED STATES OF AMERICA, :
:
*Plaintiff*, :
:
v. : Civil Action No. MJG 00-CV-2602
:
WESTVACO CORPORATION, :
:
*Defendant*. :
:
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - x


**UNITED STATES' REPLY MEMORANDUM IN SUPPORT OF RENEWED
MOTION TO JOIN THE LUKE PAPER COMPANY AS A PARTY DEFENDANT**


ROD J. ROSENSTEIN
United States Attorney

MICHAEL DIPIETRO
Assistant United States Attorney
36 South Charles Street
Fourth Floor
Baltimore, MD 21201
(410) 209-4800 (PHONE)

OF COUNSEL:

ROBERT STOLTZFUS
Assistant Regional Counsel
U.S. Environmental Protection Agency
1650 Arch Street (3RC42)
Philadelphia, PA 19103

IGNACIA S. MORENO
Assistant Attorney General
Environment and Natural Resources Division

MARK C. ELMER
Trial Attorney
U.S. Department of Justice
Environment and Natural Resources Division
Environmental Enforcement Section
999 Eighteenth Street, South Terrace, Suite 370
Denver, CO 80202
(303) 312-7311 (PHONE)

*Attorneys for the United States of America*

**I.     INTRODUCTION**

The United States seeks to join the Luke Paper Company ("LPC") as a defendant on two, independent grounds.  First, the United States contends that LPC has assumed a portion of the liability at issue in this case, which makes LPC a successor to Westvaco.  As a successor, LPC can be held directly liable for complying with any remedy required in the case.  Second, the United States alternatively contends that LPC is a necessary party under Rule 19(a) of the Federal Rules of Civil Procedure.

In its opposition, LPC concedes that it has – in connection with its purchase of the Luke Mill – assumed a portion of the liability at issue in this case: "<u>LPC will be bound</u> both <u>contractually</u> and by virtue of its operating permit <u>to comply with potential future equipment control requirements ordered by the Court</u>."  Non-Party Luke Paper Company's Opposition To The Motion By Plaintiff United States Of America To Join Luke As A Party Defendant (Doc. No. 260) ("LPC Opposition") at 3 (emphasis added).  *See also* LPC Opposition at 9 (representing that it intends "to honor its contractual obligations" in connection with any "remedy ordered by this Court that may affect the Luke Mill").  As a result, LPC has become a successor to this portion of Westvaco's liability and may be held directly liable for discharging this obligation.

LPC says little in its Opposition about the United States' alternative ground – that LPC is a necessary party under Rule 19(a).  Its main point seems to be that this ground is "premature" because "[t]here is no basis to believe that LPC will not comply with its legal obligations."  LPC Opposition at 2.  But this ignores the United States' assertion that LPC is a necessary party because the Court may not be able to accord complete relief in LPC's absence.  And even if it did not, this is precisely when LPC should be made a party.  Remedy discovery is likely to begin soon.  LPC certainly has an interest in the outcome of any remedy decision.  After all, the United

States seeks to require the Luke Mill to reduce the amount of harmful pollution it emits through the installation and operation of modern pollution controls, and LPC currently owns and operates the Luke Mill and is contractually bound "to comply with potential future equipment control requirements ordered by the Court." LPC Opposition at 3. Under these circumstances, there is no good reason why the United States or the Court should have to wait until LPC raises an objection to the remedy before joining it as a party.

## II.   ARGUMENT

### A. The Luke Paper Company Is A Successor To A Portion Of Westvaco's Liability In This Case.

In its Opposition, the Luke Paper Company concedes that it has assumed a portion of the liability at issue in this case:

> The government cannot state any reason to believe that LPC, as the current owner of the Luke Mill, will not comply with a potential remedy ordered by this Court that may affect the Luke Mill facility. LPC has and intends to continue to operate the Luke Mill in compliance with the terms of its permit and to honor its contractual obligations.

LPC Opposition at 9. *See also* LPC Opposition at 3 (admitting that it is contractually bound "to comply with potential future equipment control requirements ordered by the Court"). Thus, LPC admits that it has assumed, by operation of its purchase agreement with Westvaco, the responsibility for operating air pollution control equipment (or other relief) that may be required to remedy the violations asserted in this case.

Under well settled principles of corporate law, a company that assumes the liability of another is itself directly liable as a successor for that obligation. *See, e.g., HRW Systems, Inc. v. Washington Gas Light Co.*, 823 F. Supp. 318, 326-27 (D. Md. 1993). Here, LPC concedes that it has assumed at least a portion of the PSD liability at issue in this case. By assuming this

liability, LPC has become a successor to this liability and, thus, directly responsible for discharging this obligation.

### B. The Luke Paper Company Is A Necessary Party Under Rule 19(a).

In its Opposition, LPC claims that it is not a necessary party because its absence would have no impact on the available relief. LPC further claims that its absence does not impact the available relief because (according to LPC) the United States cannot state a claim against LPC. There are at least two problems with this assertion. First, the United States can assert a claim against LPC. As discussed above, LPC has assumed a portion of the liability at issue in this case and is, therefore, directly responsible as a successor to Westvaco for discharging certain obligations that may be imposed as a result of this case. Second, as discussed in the United States' Memorandum In Support Of Renewed Motion To Join The Luke Paper Company As A Party Defendant (filed under seal) at 6-8, LPC's absence could impact the available relief. The United States seeks to compel compliance with the 1980 PSD regulations. Compliance will require that modern pollution controls be installed and operated to reduce the amount of $SO_2$ pollution emitted from the Luke Mill. LPC's absence could impact the available relief because LPC currently owns and operates the Mill – the source of pollution that must be controlled. As both a legal and practical matter, controlling pollution from the Mill cannot be done without the ongoing cooperation and participation of the owner of the Mill, the Luke Paper Company. Under these circumstances, LPC is clearly a necessary party.

LPC also claims that the United States' concern that LPC might not comply with any remedy required in this case is premature. But this is precisely the time to join LPC. Neither the United States nor the Court should have to wait until LPC objects to the remedy or otherwise fails to cooperate or comply with any requirement imposed by the Court before joining LPC.

Instead, LPC should be joined now so that any objection it might have to any remedy considered by the Court can be heard and considered.

### III. CONCLUSION

The Luke Paper Company, as the current owner and operator of the Luke Mill, should be joined as a party-defendant. The Luke Paper Company is liable as a successor to Westvaco, as it has assumed a portion of the PSD liability at issue in this case in connection with its purchase of the Luke Mill. In the alternative, the Luke Paper Company is a necessary party under Rule 19 of the Federal Rules of Civil Procedure because (1) complete and meaningful relief may not be available in LPC's absence and (2) LPC has an interest in this action (e.g. as the current owner and operator of the Mill it may be required on a prospective basis to operate air pollution control equipment and comply with various emission limits) that may as a practical matter be impaired or impeded in LPC's absence.

Respectfully submitted,

ROD J. ROSENSTEIN
United States Attorney

MICHAEL DIPIETRO
Assistant United States Attorney
36 South Charles Street
Fourth Floor
Baltimore, MD 21201
(410) 209-4800 (PHONE)
Michael.DiPietro@usdoj.gov (EMAIL)

IGNACIA S. MORENO
Assistant Attorney General
Environment and Natural Resources Division

   /s/ Mark C. Elmer  
MARK C. ELMER  
U.S. Department of Justice  
Environmental Enforcement Section  
999 Eighteenth Street, South Terrace, Suite 370  
Denver, CO 80202  
(303) 844-1352 (PHONE)  
(303) 844-1350 (FAX)  
Mark.Elmer@usdoj.gov (EMAIL)

OF COUNSEL:

ROBERT STOLTZFUS  
Assistant Regional Counsel  
U.S. Environmental Protection Agency  
1650 Arch Street (3RC42)  
Philadelphia, PA 19103

*Attorneys for the United States of America*

CERTIFICATE OF SERVICE

   I hereby certify that I electronically filed the foregoing Reply Memorandum In Support Of Renewed Motion To Join The Luke Paper Company As A Party Defendant on January 14, 2011, using the court's CM/ECF system which sent notification of such filing to:

Charles Harry Haake
Peter Eric Seley
Raymond B. Ludwiszewski
GIBSON DUNN AND CRUTCHER LLP
1050 Connecticut Ave NW
Washington, DC 20036
chaake@gibsondunn.com
pseley@gibsondunn.com

John Jay Range
Mark B. Bierbower
HUNTON AND WILLIAMS LLP
1900 K St NW Ste 1200
Washington, DC 20006
jrange@hunton.com
mbierbower@hunton.com

Howard B. Epstein
Mark Kieran Dowd
Sami B. Groff
SCHULTE ROTH AND ZABEL LLP
919 Third Ave
New York, NY 10022
howard.epstein@srz.com
mark.dowd@srz.com
sami.groff@srz.com

                s/ Mark C. Elmer
                Mark C. Elmer