UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                              :
UNITED STATES OF AMERICA,                     :
                                              :
          *Plaintiff*,                        :
                                              :
          v.                                  :          Civil Action No. MJG 00-CV-2602
                                              :
WESTVACO CORPORATION,                         :
                                              :
          *Defendant*.                        :
                                              :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

## UNITED STATES' NOTICE OF SUPPLEMENTAL AUTHORITY

The United States notifies the Court of a recent decision by the Ohio Court of Appeals for the Tenth Appellate District that bears upon the issue raised in the parties' cross-briefs Regarding the Post-Change Potential to Emit of the Luke Mill Power Boilers (Document Nos. 265, 266, 267, and 268). *State ex rel. Ohio Atty. Gen. v. Shelly Holding Co.*, 2010-Ohio-6256, 2010 Ohio App. LEXIS 5381 (Ohio Ct. App. Dec. 30, 2010) (attached as Exhibit 1).

Specifically, the parties' cross-briefs address the "potential to emit" of the Luke Mill power boilers following the Digester Expansion Project.  The United States contends the power boilers' potential to emit was 17,885 tons – the boilers' legal maximum annual emissions. Westvaco claims it was the boilers' "maximum anticipated actual emissions," which Westvaco asserts was less than the boilers' legal maximum emissions because Westvaco *voluntarily* limited the boilers' emissions to provide a "margin of safety."  Westvaco asserts that the boilers' "maximum anticipated actual emissions" is a factual question that must be decided "based on fact and expert testimony."  Westvaco Response To The United States' Brief Regarding The Post-Change Potential To Emit Of The Luke Mill Power Boilers (Doc. No. 267) at 3.

The *Shelly Holding* case also involves the application of the term "potential to emit."[1] Specifically, the Court addressed "whether a source owner's self-imposed limits, placed in a permit application, are acceptable limits for determining potential to emit."  *Shelly Holding* at ¶ 33.  The Ohio Court of Appeals rejected the argument that a source's potential to emit could be limited by "operational restrictions that an owner might voluntarily adopt," *id.* at ¶ 34, and explicitly found that the "definition of potential to emit and the court interpretations of it require an element of agency enforceability; ***an owner's voluntary restriction is insufficient***."  *Id.* at ¶ 35 (emphasis added).  Like the Ohio Court of Appeals, this Court should reject the argument that the Luke Mill power boilers' potential to emit may be based on a "self-imposed limit" and should find instead that the power boilers' post-change potential to emit equals 17,885 tons – the boilers' legal maximum annual emissions.

Respectfully submitted,

ROD J. ROSENSTEIN
United States Attorney

MICHAEL DIPIETRO
Assistant United States Attorney
36 South Charles Street
Fourth Floor
Baltimore, MD 21201
(410) 209-4800 (PHONE)
Michael.DiPietro@usdoj.gov (EMAIL)

---

[1] In *Shelly Holding*, the Ohio Court of Appeals was interpreting a state statute using the term potential to emit.  The Court indicated, however, that the term meant the same as potential to emit in the federal PSD regulations (which are at issue in this case).  *See Shelly Holding* at ¶ 11.

2

IGNACIA S. MORENO
Assistant Attorney General
Environment and Natural Resources Division


 /s/ Mark C. Elmer
MARK C. ELMER
U.S. Department of Justice
Environment and Natural Resources Division
Environmental Enforcement Section
1961 Stout Street, 8th Floor
Denver, CO 80294
(303) 844-1352 (PHONE)
(303) 844-1350 (FAX)
Mark.Elmer@usdoj.gov (EMAIL)


OF COUNSEL:

ROBERT STOLTZFUS
Assistant Regional Counsel
U.S. Environmental Protection Agency
1650 Arch Street (3RC42)
Philadelphia, PA 19103

*Attorneys for the United States of America*

3

CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing Notice Of Supplemental Authority on January 28, 2011, using the court's CM/ECF system which sent notification of such filing to:

Charles Harry Haake
Peter Eric Seley
Raymond B. Ludwiszewski
GIBSON DUNN AND CRUTCHER LLP
1050 Connecticut Ave NW
Washington, DC 20036
chaake@gibsondunn.com
pseley@gibsondunn.com

John Jay Range
Mark B. Bierbower
HUNTON AND WILLIAMS LLP
1900 K St NW Ste 1200
Washington, DC 20006
jrange@hunton.com
mbierbower@hunton.com

Howard B. Epstein
Mark Kieran Dowd
Sami B. Groff
SCHULTE ROTH AND ZABEL LLP
919 Third Ave
New York, NY 10022
howard.epstein@srz.com
mark.dowd@srz.com
sami.groff@srz.com

s/ Mark C. Elmer
Mark C. Elmer