**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**
**Northern Division**

**UNITED STATES OF AMERICA**

**Plaintiff,**

**v.**

**WESTVACO CORPORATION**

**Defendant.**

**CASE NO. MJG 00-CV-2602**

**DEFENDANT WESTVACO CORPORATION'S RESPONSE TO THE UNITED STATES' NOTICE OF SUPPLEMENTAL AUTHORITY**

Raymond B. Ludwiszewski (Bar No. 14905)
*rludwiszewski@gibsondunn.com*
Peter E. Seley (Bar No. 013542)
*pseley@gibsondunn.com*
Charles H. Haake (*pro hac vice*)
*chaake@gibsondunn.com*
GIBSON, DUNN & CRUTCHER LLP
1050 Connecticut Avenue, N.W.
Washington, D.C. 20036-8500
(202) 955-8500 (voice)
(202) 467-0539 (facsimile)

*Counsel for Defendant Westvaco Corporation*

Defendant Westvaco Corporation ("Westvaco") hereby respectfully submits this response to the United States' Notice of Supplemental Authority.

The case cited by the government in its Notice of Supplemental Authority, *State ex rel. Ohio Atty. Gen. v. Shelly Holding Co.*, 2010-Ohio-6256, 2010 Ohio App. LEXIS 5381 (Ohio Ct.

App. Dec. 30, 2010), addresses emissions from a new stationary source that were not constrained by a federally enforceable emissions limit.[1] The source in *Shelly Holding* voluntarily restricted its hours of operation while its operating permit application was pending, but was not subject to any permit limits. Under those circumstances, the court held that the source's potential to emit cannot be "determined based on voluntary restrictions a source owner places on the source's hours of operation that" are not legally and practically enforceable. *Shelly Holding Co.*, 2010 Ohio App. LEXIS 5381 at ¶ 40.

*Shelly Holding* is distinguishable from this case in two critical respects. Most fundamentally, the Luke Mill was not operating under a "voluntary" "self-imposed limit" at the time of the Digester Expansion Project ("DEP"), as the government contends. *See* Notice of Supplemental Authority at 2. Rather, the Luke Mill was subject to a strict 49 ton-per-day SO2 emission limit, imposed by EPA itself and by the State of Maryland, that was both federally and practically enforceable. There was nothing "voluntary" about the emissions limits constraining the Luke Mill or the operational conditions the Luke Mill was required to adhere to in order to ensure that the emissions cap would not be violated.

Second, unlike the source in *Shelly Holding*, the Luke Mill had an extensive operational history at the time of the DEP. The *Shelly Holding* court recognized, as Westvaco has argued, that "the USEPA could not ignore past operating conditions and assume continuous operations when calculating potential to emit." *Shelly Holding Co.*, 2010 Ohio App. LEXIS 5381 at ¶ 24 (citing *Wisconsin Elec. Power Co. v. Reilly*, 893 F.2d 901 (7th Cir. 1990) ("WEPCO")). The

[1] Notably, in the ten years that this enforcement action has been litigated, the United States has not cited any case where a facility with an emissions cap like the Luke Mill's was found to have violated New Source Review based on changes to the equipment included within the cap.

*Shelly Holding* court concluded, however, that in the case before it "no past operating conditions exist" that could be taken into account in determining the source's potential to emit. *Id.* ¶ 35.[2] In contrast to the circumstance presented in *Shelly Holding,* in this case past operating conditions can be evaluated to determine the Luke Mill power boilers' post-change potential to emit SO2.

This Court should reject the government's argument that the past operating history of the Luke Mill in ensuring compliance with its emissions cap should be ignored in determining the Luke Mill's post-change potential to emit.

Dated: January 31, 2011

Respectfully submitted,

/s/

Raymond B. Ludwiszewski (Bar No. 14905)
*rludwiszewski@gibsondunn.com*
Peter E. Seley (Bar No. 013542)
*pseley@gibsondunn.com*
Charles H. Haake (*pro hac vice*)
*chaake@gibsondunn.com*
GIBSON, DUNN & CRUTCHER LLP
1050 Connecticut Avenue, N.W.
Washington, D.C. 20036-8500
(202) 955-8500 (voice)
(202) 467-0539 (facsimile)

*Counsel for Defendant Westvaco Corporation*

2 Notably, the *Shelly Holding* court did not conclude, as the government argues, that *WEPCO* only applied to like kind replacements at electric utilities, but rather applied the holding of *WEPCO* on the merits.

**CERTIFICATE OF SERVICE**

I hereby certify that on January 31, 2011, a true and correct copy of the foregoing DEFENDANT WESTVACO CORPORATION'S RESPONSE TO THE UNITED STATES' NOTICE OF SUPPLEMENTAL AUTHORITY was filed using the Court's electronic case filing system, which results in service on all counsel of record registered on the case management/electronic filing ("CM/ECF") system.

/s/
Charles H. Haake