UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                          :
UNITED STATES OF AMERICA,                 :
                                          :
          *Plaintiff*,                    :
                                          :
          v.                              :
                                          :
WESTVACO CORPORATION,                     :        Civil Action No. MJG 00-CV-2602
                                          :
          *Defendant*, and                :
                                          :
LUKE PAPER COMPANY,                       :
                                          :
          *Intervenor*.                   :
                                          :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

## JOINT MOTION TO APPROVE DISCOVERY STIPULATION

The United States, Westvaco Corporation, and Luke Paper Company (collectively, the "Parties") jointly move for approval of the attached Stipulation Regarding Scope of Expert Discovery.   In support thereof, the Parties state:

1.      The Parties have reached various agreements concerning expert discovery.  For example, the Parties have agreed that the 2010 Amendments to Federal Rule of Civil Procedure 26 apply to the remedy phase of this case, that draft expert reports are outside the scope of discovery, and that each party shall pay that party's own expert fees.

2.      These agreements are memorialized in a Stipulation Regarding Scope of Expert Discovery, attached as Exhibit A.

3.      According to the Discovery Guidelines of the United States District Court for the District of Maryland, parties "have an obligation to cooperate in planning and conducting discovery" and "are encouraged to submit to the Court for approval their agreements" regarding

1

the scope of discovery.  Guideline 1, Discovery Guidelines of the United States District Court for

the District of Maryland.

WHEREFORE, the Parties respectfully request that the Court approve the Parties'

Stipulation Regarding Scope of Expert Discovery by signing it on page six and entering it as an

order of the Court.


Respectfully submitted,


ROD J. ROSENSTEIN
United States Attorney

MICHAEL DIPIETRO
Assistant United States Attorney
36 South Charles Street
Fourth Floor
Baltimore, MD 21201
(410) 209-4800 (PHONE)
Michael.DiPietro@usdoj.gov (EMAIL)

IGNACIA S. MORENO
Assistant Attorney General
Environment and Natural Resources Division


 /s/ Mark C. Elmer
MARK C. ELMER
U.S. Department of Justice
Environmental Enforcement Section
999 Eighteenth Street
South Terrace, Suite 370
Denver, CO 80202
(303) 844-1352 (PHONE)
(303) 844-1350 (FAX)
Mark.Elmer@usdoj.gov (EMAIL)

OF COUNSEL:

ROBERT STOLTZFUS
Assistant Regional Counsel
U.S. Environmental Protection Agency
1650 Arch Street (3RC42)
Philadelphia, PA 19103

*Attorneys for the United States of America*

# EXHIBIT A

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                    :

UNITED STATES OF AMERICA,        :
                                    :

        *Plaintiff*,           :
                                    :

        v.                    :
                                    :

WESTVACO CORPORATION,      :     Civil Action No. MJG 00-CV-2602
                                    :

        *Defendant*, and     :
                                    :

LUKE PAPER COMPANY,        :
                                    :

        *Intervenor*.         :
                                    :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

## STIPULATION REGARDING SCOPE OF EXPERT DISCOVERY

      Notwithstanding any provision in the Federal Rules of Civil Procedure to the contrary, the following terms apply to both the production of documents under Rule 26(a)(2)(B), Rule 34, and Rule 45 and to the scope of expert deposition testimony.

      1.     The 2010 Amendments to Federal Rule of Civil Procedure 26, including Rule 26(b)(4)(B) (concerning draft expert reports) and Rule 26(b)(4)(C) (concerning communications between a Party's attorney and expert), apply to the remedy phase of this action.

      2.     Expert reports produced in this action will comply with Fed. R. Civ. P. 26(a)(2), with the following provisos:

            a.     For the purpose of this Stipulation, except as noted in Paragraph 3 below, documents "considered" by an expert for the purposes of Fed. R. Civ. P. 26(a)(2)(B)(ii) shall be those documents that have been received, read, reviewed, or created by the expert for the

purposes of forming the opinions set forth in the expert's report and which the expert actually

relies upon in forming his or her opinion (the "Considered Documents").

      b.      The Party submitting expert reports will provide copies of all such

Considered Documents to the other Party within seven (7) days of submitting the corresponding

expert report(s).  Where identical copies of such Considered Documents were previously

produced by either Party in this litigation, identification by Bates number will be sufficient.  The

Party submitting expert reports shall identify Considered Documents that are publicly available,

but is required to produce such documents only if it is more burdensome for the Party receiving

the report to obtain them than it would be for the Party producing the report, and upon a specific

request.  Such production shall take place within ten days of the request.  Considered Documents

that are in electronic format (e.g., Excel spreadsheets or computer modeling file inputs and

outputs) shall be produced in their native electronic format.

      c.      Notwithstanding the provision of Fed. R. Civ. P. 26(a)(2)(B)(iii), the

experts' disclosures under Rule 26(a)(2) need not include demonstrative exhibits the expert may

use at trial, provided that the facts and data supporting such trial demonstrative exhibits have

been disclosed in the experts' report and/or in the Considered Documents.  Each party agrees to

provide the other parties with copies of any demonstrative exhibits before they are used at trial.

The parties will seek to reach agreement on how much before trial demonstrative exhibits must

be exchanged.  If the parties are unable to reach agreement, one or more parties may ask the

Court to set a deadline for exchanging copies of demonstrative exhibits.

      3.      Notwithstanding any other provision of this Stipulation, all drafts of each expert's

report shall be outside the scope of expert discovery.  For the purposes of expert discovery only,

"drafts" shall be interpreted to encompass all and only the following:

a.      Draft or preliminary spreadsheets, tables, or other quantitative analyses, outlines, notes, or preliminary drafts of the expert's report that were created by the expert (or persons employed by or otherwise working for the expert) as part of preparing his/her report in this case.  However, if the testifying expert relies upon spreadsheets, tables, or other quantitative analyses created in the preparation of his/her report, the final iteration of the document relied upon is subject to discovery;

b.      All communications between an expert and an attorney for a Party, except communications that (i) relate to compensation for the expert's study or testimony, (ii) identify facts or data that the party's attorney provided and that the expert "considered" in forming the opinions to be expressed, and (iii) identify assumptions that the party's attorney provided and that the expert relied on in forming the opinions to be expressed; and

c.      Drafts exchanged between the expert (or persons employed by or otherwise working for the expert) and another testifying expert.  However, if one testifying expert ("Expert A") relies on a document authored by another testifying expert ("Expert B"), the version of the document relied on is subject to discovery (from Expert A), notwithstanding its status as a "draft" to the authoring expert (Expert B), unless all information considered by Expert A is contained in Expert B's final report.

4.      <u>No Duty to Preserve or Log Draft Expert Reports</u>.  Draft expert reports, as defined above in Paragraph 3, do not need to be preserved or included on a privilege log.

5.      With regard to expert depositions:

a.      There will be no formal numeric limitation on the number of expert depositions;

3

b.      Notwithstanding Rule 26(b)(4)(E), each party will pay that party's own expert fees; and

c.      The 7 hour, one-day limit imposed by revised Rule 30(d)(1) shall not apply to expert depositions.  Except as otherwise set forth in this subparagraph, the deposition of an expert shall be limited to 14 hours, over two consecutive days.  Without agreement of counsel, no deposition of an expert shall last more than 7 hours in any calendar day excluding breaks.  If a party anticipates either before or during a deposition of an expert that an expert's deposition will take longer than 14 hours, the parties shall discuss the need for an extension.  If the parties in this case cannot reach agreement regarding an extension, the party taking the deposition may seek relief from the Court and bears the burden of demonstrating that 14 hours is inadequate.

5.      To the extent that either party obtains any information, documents, or communications, described herein as outside the scope of expert discovery, through inadvertent disclosure, such disclosure shall be addressed in accordance with Federal Rule of Civil Procedure 26(b)(5)(B).

**STIPULATED AND APPROVED:**


**FOR THE UNITED STATES OF AMERICA:**


_____          _____
MARK C. ELMER                              Date  11/1/2011
Trial Attorney
Environmental Enforcement Section
Environment and Natural Resources Division
999 18th Street, South Terrace, Suite 370
Denver, CO 80202
PHONE: (303) 844-1352
EMAIL: mark.elmer@usdoj.gov



**FOR WESTVACO CORPORATION:**


_____          _____
CHARLES H. HAAKE                           Date  11-4-11
Gibson, Dunn & Crutcher LLP
1050 Connecticut Avenue, N.W.
Washington, D.C. 20036-8500
PHONE: (202) 955-8500
EMAIL: chaake@gibson.com

FOR LUKE PAPER COMPANY:

_____     $\frac{11|8|11}{\text{Date}}$ _____
HOWARD EPSTEIN
Schulte Roth & Zabel LLP
919 Third Avenue
New York, NY 10022
PHONE: (212) 756-2596
EMAIL: howard.epstein@srz.com

SO ORDERED:

_____     Date: _____
MARVIN J. GARBIS
United States District Judge
District of Maryland

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that I caused the foregoing Joint Motion to Approve Discovery Stipulation to be served by email and first class mail on November 14, 2011 on:


Charles Harry Haake
Peter Eric Seley
GIBSON DUNN AND CRUTCHER LLP
1050 Connecticut Ave NW
Washington, DC 20036
chaake@gibsondunn.com
pseley@gibsondunn.com

*Attorneys for Defendant Westvaco Corporation*


Athan A. Vinolus, Corporate Counsel
NewPage Corporation
8540 Gander Creek Drive
Miamisburg, OH 45342
athan.vinolus@newpagecorp.com

Howard B. Epstein
Sami B. Groff
SCHULTE ROTH AND ZABEL LLP
919 Third Ave
New York, NY 10022
howard.epstein@srz.com
sami.groff@srz.com

*Attorneys for Intervenor Luke Paper Company*



  */s/ Mark C. Elmer*＿＿＿＿＿＿＿＿＿
Mark C. Elmer