UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
:
UNITED STATES OF AMERICA, :
:
    *Plaintiff*, :
:
    v. :
:
WESTVACO CORPORATION, :    Civil Action No. MJG 00-CV-2602
:
    *Defendant*, and :
:
LUKE PAPER COMPANY, :
:
    *Intervenor*. :
:
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

## STIPULATION AND ORDER PURSUANT TO FEDERAL RULE OF EVIDENCE 502(d) REGARDING ONSITE REVIEW OF EPA DOCUMENTS FOR A "QUICK PEEK"

    The parties, the United States ("U.S.") and Westvaco Corporation ("Westvaco"), agree that this Stipulation and Order from the Court invokes the protections afforded by Rule 502(d) of the Federal Rules of Evidence. This stipulation and order pertains to files that will potentially be reviewed by Westvaco's counsel and/or experts at certain EPA regions where U.S. contends that the burden on the United States in conducting a privilege review on these documents at those regions in advance of Westvaco's onsite review is unduly burdensome.

    WHEREAS, Westvaco propounded its First Request for Production of Documents on the United States on August 8, 2011. Within this request, Westvaco's Requests for Production of Documents 3, 4 and 5 sought documents from EPA files nationwide. (See Appendix A, Westvaco Corporation's First Set of Requests for Production of Documents to Plaintiff for

1

Remedy Phase Trial, p. 7). The United States canvassed the EPA Regions and determined that hundreds of thousands of documents at each EPA region were potentially responsive. Because the United States contended that the effort in searching and reviewing these files would be an extraordinary task, the United States objected to Westvaco's Requests for Production 3, 4 and 5. After discussions with counsel, Westvaco has since narrowed its Requests for Production of Documents 3, 4 and 5, and provided the United States with a list seeking 102 EPA permits files ("Identified Files").  See Appendix B, Westvaco's List titled "EPA Issued Permits."  Westvaco agreed that the United States could produce the responsive documents from the Identified Files in lieu of conducting an expansive search for documents at each Region to satisfy its Requests for Production of Documents 3, 4 and 5.

WHEREAS, given the volume, age, physical conditions of the documents sought by Westvaco from certain EPA regions, the U.S. has offered to allow Westvaco an opportunity to inspect the Identified Files at those regions and select the particular files of interest.  The U.S. contends that allowing Westvaco an opportunity to review the Identified Files at those regions is a more efficient use of the Parties' time; as it will allow EPA to avoid the excessive costs of preproduction review while preserving applicable privileges and will provide Westvaco with the ability to determine which subset of the Identified Files are responsive to its request.

WHEREAS, the Parties mutually seek to reduce the time, expense and other burdens of discovery for the Identified Files,  as described further below, and to better define the scope of their obligations with respect to preserving such information and materials;

WHEREAS, the Parties therefore are entering into this Stipulation with the request that the Court enter it as an Order;

NOW THEREFORE, it is hereby STIPULATED and ORDERED:

1. To the extent that the Parties agree that the volume, age, and physical condition of the documents sought by Westvaco from a particular EPA region makes an on-site review of those files more practicable, Westvaco may conduct an onsite review of such Identified Files at the EPA Region prior to the United States' review of such documents for privilege ("Onsite Review"). Westvaco agrees to schedule the Onsite Review with each Region by January 6, 2012, and Westvaco further agrees to conduct the Onsite Review by no later than February 3, 2012, unless the Parties otherwise agree to a later date by January 6, 2012.

2. Westvaco will have the opportunity to inspect the Identified Files and tag the specific responsive documents it is interested in obtaining. The Identified Files are not expected to contain privileged material. However, due to the age, volume and location of the documents, requiring that the EPA Regional Counsel and EPA record custodians conduct a privilege review of the Identified Files prior to the Onsite Review would impose an undue burden on the United States' resources. The United States will process and produce the responsive, non-privileged documents tagged by Westvaco during the Onsite Review as soon as reasonably practicable after the Onsite Review.

3. The parties agree, and the Court hereby orders, that the Onsite Review does not constitute a disclosure or production of documents by the United States for any purpose, and that by permitting Westvaco to conduct an Onsite Review of the Identified files, the United States has not intentionally or inadvertently or otherwise waived, abandoned, or stopped itself from asserting any privilege, FOIA exemption or other ground, including but not limited to obligations imposed by privacy laws, relating to the production of any documents. The parties agree, and the

Court hereby orders, that the Onsite Review itself cannot provide a basis for any third party to seek disclosure or production of the documents viewed based on waiver, abandonment, estoppels, prior disclosure, or any other theory, claim, or argument.

4. During the Onsite Review, Westvaco may not make any photocopies or images of any kind concerning any document reviewed. The United States will process and produce the responsive, non-privileged documents tagged by Westvaco during the Onsite Review as soon as reasonably practicable after the Onsite Review.

5. The United States reserves its right to withhold any documents and/or redact documents tagged by Westvaco during the Onsite Review, based on privilege, deliberative process, Privacy Act and confidentiality claims and any other protection afforded under the Federal Rule of Evidence or other applicable statutes. For any withheld documents, the United States will log and provide the appropriate justification for withholding to the Defendant. Westvaco will not (a) use for any purpose, including but not limited to this litigation, or (b) disclose to any third party, any document, or the contents or substance of that document, reviewed during the Onsite Review.

6. Pursuant to Federal Rule of Evidence 502(d), the disclosure of privileged information or documents during the Onsite Review consistent with the terms of this order shall not waive the claim of privilege or protection in any other federal or state proceeding.

7. The parties state that they have entered into this Stipulation and Order because of the particular circumstances relevant to this case only.

DATED:     December 8, 2011

**STIPULATED AND APPROVED:**

**FOR THE UNITED STATES OF AMERICA:**

_____          12-12-11
CARA M. MROCZEK                                     Date
Trial Attorney
Environmental Enforcement Section
Environment and Natural Resources Division
P.O. Box 7611
Washington, DC  20044-7611
PHONE: (202) 514-1447
EMAIL: cara.mroczek@usdoj.gov

**FOR WESTVACO CORPORATION:**

_____          12-8-11
CHARLES H. HAAKE                                     Date
Gibson, Dunn & Crutcher LLP
1050 Connecticut Avenue, N.W.
Washington, D.C. 20036-8500
PHONE: (202) 955-8500
EMAIL: chaake@gibson.com

**SO ORDERED** this _____ day of _____, 2011:

_____
MARVIN J. GARBIS
United States District Judge
District of Maryland

# APPENDIX A

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
Northern Division

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>Plaintiff,<br><br>v.<br><br>WESTVACO CORPORATION<br><br>Defendant. | CASE NO. MJG 00-CV-2602 |

### DEFENDANT WESTVACO CORPORATION'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO PLAINTIFF FOR REMEDY PHASE TRIAL

Pursuant to Federal Rules of Civil Procedure 26, and 34 Defendant, Westvaco Corporation hereby propounds the following Requests for Production of Documents upon Plaintiff.

### DEFINITIONS

Whenever used in these Requests for Admission, the following terms shall have the following meanings:

1. The terms "DOCUMENT" and "DOCUMENTS" shall mean all communications in a tangible form, however produced, reproduced or stored on any electronic media, and shall include, but shall not be limited to, the following: correspondence, letters, electronic mail, telegrams, telexes, notes, mailgrams, minutes, agendas, memoranda, notes or summaries of telephone conversations or messages, interoffice and intra-office communications, whether in printed or computerized format, reports, electronic mail, studies, files, contracts, licenses,

agreements, bonds, financial statements, balance sheets, profit and loss statements of financial condition, income tax returns, work sheets, cost sheets, projections, schedules, forecasts, ledgers, books of account, records and journals, invoices, receipts, bills, orders, billings, checks, proposals, feasibility studies, estimates, deeds, leases, mortgages, assignments, or other instruments related to real or personal property, official documents, projects, statistical records, surveys, maps, books, pamphlets, analyses, working papers, speeches, advertisements, charts, requests for authorization, desk calendars, appointment books, diaries, drawings, sketches, graphs, photographs, movies, sound reproduction tapes, videotapes, videodiscs, phonograph records, microtape, microfilm, microfiche, data compilations from which information can be obtained or translated through detection devices into reasonably usable form, computer inputs or outputs, computer tapes, discs, printouts, programs or any other tangible thing that constitutes matter within the scope of Federal Rule of Civil Procedure 34(A).

    2.    The terms "COMMUNICATION" or "COMMUNICATIONS" shall mean and refer to any communication, whether written or oral, and specifically includes any notes of oral communications, or any notations that such a communication took place (for example, in a calendar or electronic mail message). It means, unless otherwise specified, any of the following:

    a.    any letter, memorandum, or other DOCUMENTS exchanged, received or transmitted to reflect any written communications, oral communications, or communications in electronic or computerized form, between two parties, including but not limited to electronic mail messages;

    b.    any and all conversations between two or more persons, whether such conversation was by chance or prearranged, formal or informal, by telephone or in person;

  c. any meeting between two or more persons, or other such contact which was done by chance or prearranged, formal or informal; or,

  d. any DOCUMENTS summarizing or describing such DOCUMENT, exchange, oral communication, written communication, or a meeting.

  3. The phrase "REFER, RELATE OR PERTAIN TO" shall mean to constitute, contain, relate to, refer to, reflect, evidence, reference, touch upon, discuss, mention, concern, pertain to, summarize, prove, form the basis of, analyze or in any way logically or factually connect with the matter discussed.

  4. The term "YOU" and "YOUR" shall mean and refers to the Plaintiff United States of America, including but not limited to individuals working under the authority of the Attorney General of the United States and/or the Administrator of the United States Environmental Protection Agency, and its present and former executives, officers, employees, agents (including but not limited to engineers, accountants, consultants, and experts), attorneys (including the Attorney General of the United States and the U.S. Department of Justice), affiliates, and all other persons acting or purporting to act on its behalf.

  5. The term "EPA" shall mean and refers to the United States Environmental Protection Agency, its headquarters, offices, regions, departments, agencies, present and former Administrators, officers, executives, directors, employees, agents, attorneys, and affiliates, and all other persons acting or purporting to act on its behalf.

  6. The terms "DEFENDANT" or "WESTVACO" means Defendant Westvaco Corporation, and its present and former officers, directors, executives, employees, agents, parents, subsidiaries, affiliates, shareholders, attorneys, and all other persons acting or purporting to act on its behalf.

7. The terms "LUKE MILL" or "MILL" mean the kraft pulp and paper mill located in Luke, Maryland and the ancillary facilities located in Beryl, West Virginia. The MILL and ancillary facilities are the subject of this lawsuit.

8. The term "CAP" means the sulfur dioxide emissions limitation imposed on the LUKE MILL's power boilers by MARYLAND and/or YOU, as described and/or set forth in the following Federal Register notices: Approval and Promulgation of Implementation Plans Approval of Revision of the State of Maryland; Implementation Plan, 45 Fed. Reg. 27,933, 27,934 (Apr. 25, 1980) and Approval and Promulgation of Implementation Plans; Approval of Revision of the Maryland State Implementation Plan, 49 Fed. Reg. 49,457, 49,459 (Dec. 20, 1984).

9. The term "DEP" means the Digester Expansion Project as described in the Memorandum of Decision Re: First Phase entered in this case (Doc. No. 230).

10. The term "WEST VIRGINIA" means the State of West Virginia and any of its present or former officers, directors, executives, employees, agents, attorneys (including the Attorney General of the State of West Virginia or counsel for any other entity of the State of West Virginia), departments, agencies, offices, divisions, affiliates, commissions *(e.g.,* public service commission), public corporations, public benefit corporations, and all other persons acting or purporting to act on its behalf.

11. The term "MARYLAND" means the State of Maryland, and any of its present or former officers, directors, executives, employees, agents, attorneys (including the Attorney General of the State of Maryland or counsel for any other entity of the State of Maryland), departments, agencies, offices, divisions, affiliates, commissions *(e.g.,* public service

commission), public corporations, public benefit corporations, and all other persons acting or purporting to act on its behalf.

12. The term "CAA" or "Act" means the Clean Air Act, 42 U.S.C. § 7401 *et seq.*, and all rules and regulations promulgated thereunder.

13. The term "PSD" means the requirements set forth in Part C of the CAA, 42 U.S.C. §§ 7470-7492, for the prevention of significant deterioration of air quality in those areas designated as attaining National Ambient Air Quality Standards ("NAAQS"), and all rules and regulations related to PSD.

14. The term "BACT" means Best Available Control Technology as set forth in 42 U.S.C. § 7475(a)(4) and 40 C.F.R. § 52.21(b)(12).

15. The term "NSPS" means the New Source Performance Standards promulgated by the EPA pursuant to Section 111(b)(1)(B) of the CAA, 42 U.S.C. § 7411(b)(1)(B), and all rules and regulations related to NSPS, including those set forth at 40 C.F.R. part 6, subpart A, §§ 60.1-60.19.

## INSTRUCTIONS

1. If you contend that any DOCUMENT encompassed by any request contained herein is privileged or work product, in whole or part, each such DOCUMENT or information shall be identified in writing by (i) date; (ii) the name, position and address of its author(s); (iii) number of pages; (iv) the name, position and address of each person who received, read or saw the DOCUMENT or copies thereof; (v) general subject matter; (vi) attachments or appendices; and (vii) the basis for asserting the claim of privilege, and the precise ground on which the DOCUMENT or information is being withheld.

2.  Each Request shall be construed so that the use of the singular form of any word shall be taken to mean the plural as well as the singular, and the use of the plural form of any word shall be taken to mean the singular as well as the plural.

3.  You are required to answer the following Requests within thirty days from the date of service.

4.  To the extent the DOCUMENTS requested herein are not produced as they are kept in the usual course of business, all DOCUMENTS produced shall be organized and labeled to correspond with the categories in this demand as required by Federal Rule of Civil Procedure 34(b).

5.  This request is intended to cover all DOCUMENTS in YOUR possession, or subject to YOUR custody and control, whether directly or indirectly.

6.  The Requests are deemed to be continuing in nature, and Plaintiff is required to serve supplemental answers in accordance with Rule 26(e) of the Federal Rules of Civil Procedure. Supplemental answers are required to be served within a reasonable time after the discovery of such additional information.

## REQUESTS FOR PRODUCTION OF DOCUMENTS

1.  Please produce all DOCUMENTS that REFER, RELATE OR PERTAIN TO, or that are otherwise identified in or support, YOUR responses to Defendant's First Set of Interrogatories to Plaintiff for Remedy Phase Trial.

2.  Please produce all DOCUMENTS that REFER, RELATE OR PERTAIN TO, or that are otherwise identified in or support, YOUR responses to Defendant's First Set of Requests for Admission to Plaintiff for Remedy Phase Trial.

3. Please produce all DOCUMENTS that REFER, RELATE OR PERTAIN TO all PSD permits issued to pulp and paper mills between 1977 and 1986.

4. Please produce all DOCUMENTS that REFER, RELATE OR PERTAIN TO all PSD determinations, including PSD permits and BACT determinations, issued to any major stationary source (as that term is defined in the CAA) that, at the time the PSD permit was issued, was already operating under an emissions limit for the pollutant for which the PSD permit was issued.

5. Please produce all DOCUMENTS that REFER, RELATE OR PERTAIN TO all PSD permits issued to pulp and paper mills between 1999 and the present.

6. Please produce all DOCUMENTS that that REFER, RELATE OR PERTAIN TO any COMMUNICATION between YOU and MARYLAND that REFER, RELATE OR PERTAIN TO the CAP.

7. Please produce all DOCUMENTS that that REFER, RELATE OR PERTAIN TO any COMMUNICATION between YOU and MARYLAND that REFER, RELATE OR PERTAIN TO the emission of sulfur dioxide from the LUKE MILL.

8. Please produce all DOCUMENTS that that REFER, RELATE OR PERTAIN TO any COMMUNICATION between YOU and MARYLAND that REFER, RELATE OR PERTAIN TO the DEP.

9. Please produce all DOCUMENTS that that REFER, RELATE OR PERTAIN TO any COMMUNICATION between YOU and MARYLAND that REFER, RELATE OR PERTAIN TO BACT for any major stationary source (as that term is defined in the CAA).

10. Please produce all DOCUMENTS that that REFER, RELATE OR PERTAIN TO any COMMUNICATION between YOU and MARYLAND that REFER, RELATE OR

PERTAIN TO any permit issued to the LUKE MILL under any provision of the CAA concerning the MILL's emission of sulfur dioxide.

11. Please produce all DOCUMENTS that that REFER, RELATE OR PERTAIN TO any COMMUNICATION between YOU and WEST VIRGINIA that REFER, RELATE OR PERTAIN TO the CAP.

12. Please produce all DOCUMENTS that that REFER, RELATE OR PERTAIN TO any COMMUNICATION between YOU and WEST VIRGINIA that REFER, RELATE OR PERTAIN TO the emission of sulfur dioxide from the LUKE MILL.

13. Please produce all DOCUMENTS that that REFER, RELATE OR PERTAIN TO any COMMUNICATION between YOU and WEST VIRGINIA that REFER, RELATE OR PERTAIN TO the DEP.

14. Please produce all DOCUMENTS that that REFER, RELATE OR PERTAIN TO any COMMUNICATION between YOU and WEST VIRGINIA that REFER, RELATE OR PERTAIN TO BACT for any major stationary source (as that term is defined in the CAA).

15. Please produce all expert reports in any litigation brought under PSD in which YOU were a party since 2000 that REFER, RELATE OR PERTAIN TO BACT.

Respectfully submitted,

*[signature]*

Raymond B. Ludwiszewski (Bar No. 14905)
Peter E. Seley (Bar No. 013542)
Charles H. Haake (*pro hac vice*)
GIBSON, DUNN & CRUTCHER LLP
1050 Connecticut Avenue, N.W.
Washington, D.C. 20036-8500
(202) 955-8500 (voice)
(202) 467-0539 (facsimile)
*Counsel for Defendant Westvaco Corporation*

## CERTIFICATE OF SERVICE

I hereby certify that on August 8, 2011, a true and correct copy of Defendant Westvaco Corporation's First Set of Request for Production of Documents to Plaintiff for Remedy Phase was served via U.S. Mail on the following:

Howard B. Epstein
Sami. B. Groff
SCHULTE ROTH & ZABEL LLP
919 Third Avenue
New York, New York 10022
Attorneys for Luke Paper Company and NewPage Corporation

ROD J. ROSENSTEIN
United States Attorney
MICHAEL DIPIETRO
Assistant United States Attorney
36 South Charles Street
Fourth Floor
Baltimore, MD 21201

IGNACIA S. MORENO
Assistant Attorney General
MARK ELMER
Trial Attorney
U.S. Department of Justice
Environment and Natural Resources Division
Environmental Enforcement Section
999 Eighteenth Street, South Terrace, Suite 370
Denver, CO 80202

ROBERT STOLTZFUS
Assistant Regional Counsel
U.S. Environmental Protection Agency
1650 Arch Street (3RC42)
Philadelphia, PA 19103
Attorneys for the United States of America

Charles H. Haake

101129515.1

# APPENDIX B

| State | Source ID | Source Type | Permit Issue Date (approx.) |
|---|---|---|---|
| AR | Eastman Chemical - Batesville | boiler(s) | Mar-81 |
| AZ | Arizona Public Service - Cholla | boiler(s) | Feb-78 |
| AZ | Provident Energy - Mobile | boiler(s) | Mar-80 |
| AZ | Salt River Project - Coronado | boiler(s) | Apr-78 |
| CA | Cal Portland Cement - Glendora | kiln/furnace | Jan-79 |
| CA | City of Long Beach | boiler(s) | Oct-85 |
| CA | Covanta (fka Valley Power) - Delano | boiler(s) | Sep-84 |
| CA | Creole Corp. / TXI - Plaster City | kiln/furnace | May-80 |
| CA | DTE Stockton (fka Cogeneration National) - Stockton | boiler(s) | Dec-85 |
| CA | Lehigh Hanson (fka Kaiser Cement) - Cupertino | kiln/furnace | Dec-78 |
| CA | Lehigh Hanson (fka Monolith) - Tehachapi | kiln/furnace | Dec-81 |
| CA | North County RRF | boiler(s) | Apr-85 |
| CA | Pilkington (fka Libbey Owens Ford) - Lathrop | kiln/furnace | Dec-85 |
| CA | Stockton CoGen (fka Corn Products) - Stockton | boiler(s) | Dec-85 |
| CO | Platte River Power Authority - Rawhide | boiler(s) | May-80 |
| CO | Tri-State G&T (fka Colorado Ute) - Craig | boiler(s) | Mar-80 |
| DE | A.I. duPont Institute | boiler(s) | Sep-80 |
| HI | Tesoro (fka Hawaiian Independent) - Kapolei | process heater(s) | Aug-81 |
| IA | ADM (fka A.E. Staley) - Des Moines | boiler(s) | Jul-81 |
| IA | Ag Processing (fka Boone Valley) - Eagle Grove | boiler(s) | Aug-81 |
| IA | City of Ames | boiler(s) | Nov-79 |
| IA | Consolidated Energy - Gowrie | boiler(s) | Nov-81 |
| IA | Manildra (fka ADC-II) - Hamburg | boiler(s) | Feb-85 |
| IA | MidAmerican Energy (fka Iowa-Illinois Electric) - Louisa | boiler(s) | Jun-81 |
| IA | Monsanto - Muscatine | boiler(s) | Nov-82 |
| ID | U.S. Dept. of Energy - Idaho National Laboratory | boiler(s) | Jun-81 |
| IN | Eli Lilly - Indianapolis | boiler(s) | Aug-81 |
| IN | IPALCO - Patriot | boiler(s) | Dec-79 |
| IN | New Energy - South Bend | boiler(s) | Dec-81 |
| KS | General Motors - Kansas City | boiler(s) | Apr-81 |
| KS | Sunflower Electric - Holcomb | boiler(s) | May-80 |
| KS | Westar (fka KP&L) - Jeffrey Energy Center | boiler(s) | Mar-78 |
| LA | Cajun Electric - Big Cajun | boiler(s) | Mar-80 |
| LA | Gulf States Utilities | boiler(s) | Jul-81 |
| LA | Louisiana Generating (fka Cajun Electric) - Big Cajun | boiler(s) | Mar-78 |
| LA | Occidental Chemical (fka BF Goodrich) - Convent | boiler(s) | Nov-80 |
| LA | Riverwood (fka Olinkraft) - West Monroe | boiler(s) | Oct-80 |
| LA | Smurfit-Stone (fka Stone Container) - Hodge | boiler(s) | Jun-83 |
| LA | SWEPCO - Dolet Hills | boiler(s) | Sep-81 |
| LA | Valero (fka Good Hope) - St. Charles | process heater(s) | May-81 |
| MA | Covanta SEMASS | boiler(s) | Mar-82 |
| MA | Natick Paperboard | boiler(s) | Apr-81 |
| MA | Wheelabrator North Andover | boiler(s) | May-82 |
| MD | Bethlehem Steel - Sparrows Point | oven(s) | Aug-79 |
| MD | BRESCO/Wheelabrator Baltimore | incinerator(s) | Sep-81 |
| MD | Celanese Amcelle | boiler(s) | Apr-79 |
| MD | NRG Energy (fka Delmarva) - Vienna | boiler(s) | Sep-81 |
| MD | Hooker Chemical / Occidental Chemical | boiler(s) | Jul-79 |
| MD | Mettiki Coal | dryer(s) | Jul-78 |
| MD | Pulaski Highway Incinerator/City of Baltimore | incinerator(s) | Jan-80 |
| MO | Associated Electric - Thomas Hill | boiler(s) | Feb-78 |

| State | Source ID | Source Type | Permit Issue Date (approx.) |
|---|---|---|---|
| MO | General Motors - Wentzville | boiler(s) | May-80 |
| MO | Mallinckrodt - St. Louis | boiler(s) | Jun-82 |
| NY | AES (fka New York State Electric & Gas) - Cayuga | boiler(s) | Jun-81 |
| NY | Hooker Energy | boiler(s) | Jul-81 |
| OH | E.I. duPont de Nemours - Circleville | boiler(s) | Dec-80 |
| OK | Georgia Pacific (fka Fort Howard) - Muskogee | boiler(s) | Oct-81 |
| OK | Grand River Dam Authority - Chouteau | boiler(s) | Mar-78 |
| OK | OG&E - Muskogee | boiler(s) | Mar-78 |
| OK | OG&E - Sooner | boiler(s) | Oct-81 |
| PA | A.E. Staley - Morrisville | boiler(s) | May-82 |
| PA | Airco Speer Carbon - St. Mary's | kiln/furnace | Aug-80 |
| PA | City of Wilkes-Barre | boiler(s) | Jul-80 |
| PA | Consol - Bailey Mine | dryer(s) | May-82 |
| PA | Domtar Bellefonte | kiln/furnace | Sep-81 |
| PA | Kimberly-Clark (fka Scott Paper) - Chester | boiler(s) | Aug-81 |
| PA | MolyCorp - Washington | kiln/furnace | Mar-80 |
| PA | Pennsylvania Electric - Lake City | boiler(s) | Aug-81 |
| PA | Philadelphia Gas Works | boiler(s) | May-79 |
| PA | Sunoco | process heater(s) | Mar-79 |
| PA | United Refining - Warren | process heater(s) | Jan-80 |
| TX | Cemex (fka Southwestern Portland Cement) - Odessa | kiln/furnace | Nov-81 |
| TX | IPA (fka Central Power & Light) - Coleto Creek | boiler(s) | Oct-81 |
| TX | Kirby Forest Industries - Bon Weir | boiler(s) | Aug-80 |
| TX | NRG (fka HL&P) - Limestone | boiler(s) | Sep-81 |
| TX | NRG (fka HL&P) - W.A. Parish | boiler(s) | Nov-81 |
| TX | Southwestern Public Service - Tolk | boiler(s) | Mar-78 |
| TX | SWEPCO - Pirkey | boiler(s) | Mar-78 |
| TX | Texas Lehigh Cement - Buda | kiln/furnace | May-80 |
| TX | Texas Utilities - Limestone | boiler(s) | Feb-78 |
| TX | TXU Martin Lake | boiler(s) | Jan-78 |
| UT | Ash Grove Cement (fka Martin Marietta) - Leamington | kiln/furnace | Jun-81 |
| UT | Beehive Cement - Santaquin | kiln/furnace | Feb-81 |
| UT | Deseret Power - Bonanza | boiler(s) | Feb-81 |
| UT | Intermountain Power Project - Delta | boiler(s) | Jun-80 |
| UT | Lone Star Portland Cement | kiln/furnace | Jan-81 |
| VA | Anheuser Busch Brewery - Williamsburg | boiler(s) | Jun-80 |
| VA | Coors - Shenandoah Brewery | boiler(s) | Mar-81 |
| VA | Hampton Roads Energy - Portsmouth | boiler(s) | Jan-80 |
| VA | Martinsville Thermal (fka Multitrade Group) - Martinsville | boiler(s) | Apr-81 |
| VA | Norfolk & Western Railway - Roanoke | boiler(s) | Jul-80 |
| VA | Smurfit-Stone (fka Chesapeake) - West Point | boiler(s) | Oct-80 |
| VA | Swann Oil - Chesapeake | boiler(s) | Mar-81 |
| VI | Hess/Hovensa | boiler(s) | Sep-81 |
| VI | Hess/Hovensa | process heater(s) | Feb-82 |
| WA | Alcoa Wenatchee Works - Malaga | kiln/furnace | Feb-82 |
| WA | Ash Grove Cement (fka Lone Star) - Seattle | kiln/furnace | Jan-82 |
| WA | Boise Cascade - Kettle Falls | boiler(s) | Dec-79 |
| WA | Boise Cascade - Wallula | boiler(s) | Apr-78 |
| WA | Longview Fibre - Longview | boiler(s) | Apr-81 |
| WA | Tacoma City Light | boiler(s) | May-82 |
| WV | Pennsylvania Coke Technology - Lester | oven(s) | Aug-81 |

## CERTIFICATE OF SERVICE

I hereby certify that a True and Correct Copy of the Stipulation and Order Pursuant to Federal Rule of Evidence 502(d) Regarding Onsite Review of EPA Documents for a "Quick Peek" was served to the clerk of the Court for filing and uploading to the CM/ECF system on December 12, 2011 which will send notification of such filing to:

Charles Harry Haake
Peter Eric Seley
GIBSON DUNN AND CRUTCHER LLP
1050 Connecticut Ave NW
Washington, DC 20036
chaake@gibsondunn.com
pseley@gibsondunn.com

*Attorneys for Defendant Westvaco Corporation*


Athan A. Vinolus, Corporate Counsel
NewPage Corporation
8540 Gander Creek Drive
Miamisburg, OH 45342
athan.vinolus@newpagecorp.com

Howard B. Epstein
Sami B. Groff
SCHULTE ROTH AND ZABEL LLP
919 Third Ave
New York, NY 10022
howard.epstein@srz.com
sami.groff@srz.com

*Attorneys for Intervenor Luke Paper Company*

                                                                                       _____
                                                                                       Cara M. Mroczek