FILED
U.S. DISTRICT COURT
DISTRICT OF MARYLAND

2011 DEC 13 P 12: 06

CLERK'S OFFICE
AT BALTIMORE

BY_____ DEPUTY

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

- - - - - - - - - - - - - - - - - - - - - x

UNITED STATES OF AMERICA,      :

        *Plaintiff*,      :

        v.      :

WESTVACO CORPORATION,      :    Civil Action No. MJG 00-CV-2602

        *Defendant*, and      :

LUKE PAPER COMPANY,      :

        *Intervenor*.      :

- - - - - - - - - - - - - - - - - - - - - x

## STIPULATION AND ORDER PURSUANT TO FEDERAL RULE OF EVIDENCE 502(d) REGARDING ONSITE REVIEW OF EPA DOCUMENTS FOR A "QUICK PEEK"

The parties, the United States ("U.S.") and Westvaco Corporation ("Westvaco"), agree that this Stipulation and Order from the Court invokes the protections afforded by Rule 502(d) of the Federal Rules of Evidence. This stipulation and order pertains to files that will potentially be reviewed by Westvaco's counsel and/or experts at certain EPA regions where U.S. contends that the burden on the United States in conducting a privilege review on these documents at those regions in advance of Westvaco's onsite review is unduly burdensome.

WHEREAS, Westvaco propounded its First Request for Production of Documents on the United States on August 8, 2011. Within this request, Westvaco's Requests for Production of Documents 3, 4 and 5 sought documents from EPA files nationwide. (See Appendix A, Westvaco Corporation's First Set of Requests for Production of Documents to Plaintiff for

1



Remedy Phase Trial, p. 7). The United States canvassed the EPA Regions and determined that hundreds of thousands of documents at each EPA region were potentially responsive. Because the United States contended that the effort in searching and reviewing these files would be an extraordinary task, the United States objected to Westvaco's Requests for Production 3, 4 and 5. After discussions with counsel, Westvaco has since narrowed its Requests for Production of Documents 3, 4 and 5, and provided the United States with a list seeking 102 EPA permits files ("Identified Files"). See Appendix B, Westvaco's List titled "EPA Issued Permits." Westvaco agreed that the United States could produce the responsive documents from the Identified Files in lieu of conducting an expansive search for documents at each Region to satisfy its Requests for Production of Documents 3, 4 and 5.

WHEREAS, given the volume, age, physical conditions of the documents sought by Westvaco from certain EPA regions, the U.S. has offered to allow Westvaco an opportunity to inspect the Identified Files at those regions and select the particular files of interest. The U.S. contends that allowing Westvaco an opportunity to review the Identified Files at those regions is a more efficient use of the Parties' time; as it will allow EPA to avoid the excessive costs of preproduction review while preserving applicable privileges and will provide Westvaco with the ability to determine which subset of the Identified Files are responsive to its request.

WHEREAS, the Parties mutually seek to reduce the time, expense and other burdens of discovery for the Identified Files, as described further below, and to better define the scope of their obligations with respect to preserving such information and materials;

WHEREAS, the Parties therefore are entering into this Stipulation with the request that the Court enter it as an Order;

2

NOW THEREFORE, it is hereby STIPULATED and ORDERED:

1. To the extent that the Parties agree that the volume, age, and physical condition of the documents sought by Westvaco from a particular EPA region makes an on-site review of those files more practicable, Westvaco may conduct an onsite review of such Identified Files at the EPA Region prior to the United States' review of such documents for privilege ("Onsite Review"). Westvaco agrees to schedule the Onsite Review with each Region by January 6, 2012, and Westvaco further agrees to conduct the Onsite Review by no later than February 3, 2012, unless the Parties otherwise agree to a later date by January 6, 2012.

2. Westvaco will have the opportunity to inspect the Identified Files and tag the specific responsive documents it is interested in obtaining. The Identified Files are not expected to contain privileged material. However, due to the age, volume and location of the documents, requiring that the EPA Regional Counsel and EPA record custodians conduct a privilege review of the Identified Files prior to the Onsite Review would impose an undue burden on the United States' resources. The United States will process and produce the responsive, non-privileged documents tagged by Westvaco during the Onsite Review as soon as reasonably practicable after the Onsite Review.

3. The parties agree, and the Court hereby orders, that the Onsite Review does not constitute a disclosure or production of documents by the United States for any purpose, and that by permitting Westvaco to conduct an Onsite Review of the Identified files, the United States has not intentionally or inadvertently or otherwise waived, abandoned, or stopped itself from asserting any privilege, FOIA exemption or other ground, including but not limited to obligations imposed by privacy laws, relating to the production of any documents. The parties agree, and the

3

Court hereby orders, that the Onsite Review itself cannot provide a basis for any third party to seek disclosure or production of the documents viewed based on waiver, abandonment, estoppels, prior disclosure, or any other theory, claim, or argument.

4. During the Onsite Review, Westvaco may not make any photocopies or images of any kind concerning any document reviewed. The United States will process and produce the responsive, non-privileged documents tagged by Westvaco during the Onsite Review as soon as reasonably practicable after the Onsite Review.

5. The United States reserves its right to withhold any documents and/or redact documents tagged by Westvaco during the Onsite Review, based on privilege, deliberative process, Privacy Act and confidentiality claims and any other protection afforded under the Federal Rule of Evidence or other applicable statutes. For any withheld documents, the United States will log and provide the appropriate justification for withholding to the Defendant. Westvaco will not (a) use for any purpose, including but not limited to this litigation, or (b) disclose to any third party, any document, or the contents or substance of that document, reviewed during the Onsite Review.

6. Pursuant to Federal Rule of Evidence 502(d), the disclosure of privileged information or documents during the Onsite Review consistent with the terms of this order shall not waive the claim of privilege or protection in any other federal or state proceeding.

7. The parties state that they have entered into this Stipulation and Order because of the particular circumstances relevant to this case only.

DATED:      December 8, 2011

4

**STIPULATED AND APPROVED:**

FOR THE UNITED STATES OF AMERICA:

_____      12-12-11
CARA M. MROCZEK                       Date
Trial Attorney
Environmental Enforcement Section
Environment and Natural Resources Division
P.O. Box 7611
Washington, DC 20044-7611
PHONE: (202) 514-1447
EMAIL: cara.mroczek@usdoj.gov

FOR WESTVACO CORPORATION:

_____      12-8-11
CHARLES H. HAAKE                      Date
Gibson, Dunn & Crutcher LLP
1050 Connecticut Avenue, N.W.
Washington, D.C. 20036-8500
PHONE: (202) 955-8500
EMAIL: chaake@gibson.com

SO ORDERED this 13th day of December, 2011:

_____/s/_____
MARVIN J. GARBIS
United States District Judge
District of Maryland

5