Capital Reporting Company
Campbell, Colin M. Vol. II 03-08-2012

360

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MARYLAND

---------------------------------:
UNITED STATES OF AMERICA,        :
                                 :
            Plaintiff,           :
                                 :
            vs.                  :   NO. MJG-00-2602
                                 :
WESTVACO CORPORATION,            :
                                 :
            Defendant.           :
---------------------------------:

                                   Washington, D.C.

                                   Thursday, March 8, 2012


            VOLUME 2

Deposition of:

            COLIN M. CAMPBELL

called for oral examination by counsel for

Plaintiff, pursuant to notice, at the Law Offices of

Gibson, Dunn & Crutcher, 1050 Connecticut Avenue,

N.W., Washington, D.C., before Vicky Reiner, RMR,

CRR of Capital Reporting, a Notary Public in and for

the District of Columbia, beginning at 9:00 a.m.,

when were present on behalf of the respective

parties:

Capital Reporting Company
Campbell, Colin M. Vol. II 03-08-2012

361

```
 1                A P P E A R A N C E S

 2   On behalf of Plaintiff:

 3        MARK ELMER, ESQUIRE
          U.S. Department of Justice
 4        999 18th Street
          South Terrace, Suite 370
 5        Denver, Colorado 80202
          (303) 844-1352
 6        mark.elmer@usdoj.gov

 7        CARA M. MROCZEK, ESQUIRE
          U.S. Department of Justice
 8        601 D Street, N.W.
          Washington, D.C. 20004
 9        (202) 514-1447
          cara.mroczek@usdoj.gov
10
     On behalf of Defendant:
11
          CHARLES H. HAAKE, ESQUIRE
12        Gibson, Dunn & Crutcher, LLP
          1050 Connecticut Avenue, N.W.
13        Washington, D.C. 20036-5306
          (202) 955-8500
14        chaake@gibsondunn.com

15

16   ALSO PRESENT:

17        Daniel Holmstock, Video Operator

18

19

20

21

22
```

Capital Reporting Company
Campbell, Colin M. Vol. II 03-08-2012

404

| | | |
|---|---|---|
| 1 | permit application circa late 1979, early 1980, and | 09:55:26 |
| 2 | that permit application would have been a complete | 09:55:33 |
| 3 | permit application. | 09:55:36 |
| 4 | And relevant to that opinion is the full | 09:55:38 |
| 5 | set of requirements, substantive requirements in the | 09:55:49 |
| 6 | 1978 rule establishing that it would have been very | 09:55:55 |
| 7 | easy to prepare a complete permit application here | 09:56:03 |
| 8 | under the 1978 rule because most of the substantive | 09:56:08 |
| 9 | requirements would not apply because there were no | 09:56:12 |
| 10 | increases in allowable emissions. | 09:56:16 |
| 11 | I don't remember how much we discussed | 09:56:20 |
| 12 | yesterday, but, you know, the '78 rule established a | 09:56:23 |
| 13 | tiered approach. Triggering of PSD applicability in | 09:56:27 |
| 14 | general was based on uncontrolled emissions. But | 09:56:32 |
| 15 | then triggering of the substantive requirements was | 09:56:39 |
| 16 | based on increases in allowable emissions, both BACT | 09:56:42 |
| 17 | and otherwise. | 09:56:49 |
| 18 | So most of the substantive requirements | 09:56:50 |
| 19 | would not have applied, and this would have been a | 09:56:52 |
| 20 | nearly empty PSD permit, and an abbreviated PSD | 09:56:54 |
| 21 | permit application. | 09:57:01 |
| 22 | Q   In fact, Westvaco did not submit an | 09:57:11 |