```
             IN THE UNITED STATES DISTRICT COURT
                FOR THE DISTRICT OF MARYLAND

UNITED STATES OF AMERICA        *

            Plaintiff           *

            vs.                 *   CIVIL ACTION NO. MJG-00-2602

WESTVACO CORPORATION            *

            Defendant           *

*     *     *     *     *     *     *     *     *
```

MEMORANDUM AND ORDER RE: INAPPLICABILITY OF BACT[1]

The Court has before it the Defendant Westvaco Corporation's Motion for Summary Judgment on the Inapplicability of BACT to the Digester Expansion Project [Document 304], and the materials relating thereto. The Court has held a hearing and has had the benefit of the arguments of counsel.

I. SUPPLEMENTARY[2] BACKGROUND

The Government contends that excess emissions of sulfur dioxide ("$SO_2$") have caused, and continue to cause, irreparable harm to the environment.

The Government seeks to demonstrate the existence of excess emissions by comparing the amount of pollution the Luke Mill

---

[1] Best Available Control Technology ("BACT").
[2] See Background Statement Re: Pending Summary Judgment Motions issued herewith (providing an overview of the case to date); see also Memorandum and Order Re: Daubert Motion issued herewith (providing further detail on BACT requirements).

would have emitted, had it complied with the Clean Air Act, with the amount of pollution actually emitted from the illegally modified Mill.  See Combined Opp'n to Def.'s Mots. 1-2 [Document 310].  The amount of pollution the Mill would have emitted is based on the limit for $SO_2$ from the No. 25 power boiler that would have been required by a Prevention of Significant Deterioration ("PSD") permit containing a BACT limit.[3]  Id. at 2.  The Government proffers expert opinions of the BACT emission limit that would have been imposed had Westvaco applied for a PSD permit in regard to the Digester Expansion Project ("DEP").

By the instant motion, Westvaco seeks summary judgment establishing that the Government cannot obtain injunctive relief because no BACT limit would have been imposed by virtue of exemptions within the applicable regulations.

## II.   SUMMARY JUDGMENT STANDARD

A motion for summary judgment shall be granted if the pleadings and supporting documents "show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(c)(2).

---

[3] BACT is not a particular type of technology, but constitutes an emission limitation expressed in terms of pounds of pollutant per million Btu of heat input (lbs./MMBtu). 42 U.S.C. § 7479(3).

The well-established principles pertinent to summary judgment motions can be distilled to a simple statement:  The Court may look at the evidence presented in regard to a motion for summary judgment through the non-movant's rose-colored glasses, but must view it realistically.  After so doing, the essential question is whether a reasonable fact finder could return a verdict for the non-movant or whether the movant would, at trial, be entitled to judgment as a matter of law.  See, e.g., Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986); Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986); Shealy v. Winston, 929 F.2d 1009, 1012 (4th Cir. 1991).  Thus, in order to defeat a motion for summary judgment, "the party opposing the motion must present evidence of specific facts from which the finder of fact could reasonably find for him or her."  Mackey v. Shalala, 43 F. Supp. 2d 559, 564 (D. Md. 1999) (emphasis added).

When evaluating a motion for summary judgment, the Court must bear in mind that the "summary judgment procedure is properly regarded not as a disfavored procedural shortcut, but rather as an integral part of the Federal Rules as a whole, which are designed 'to secure the just, speedy and inexpensive determination of every action.'"  Celotex, 477 U.S. at 327 (quoting Rule 1 of the Federal Rules of Civil Procedure).

III. DISCUSSION

The DEP was found to have commenced in February 1981. The Clean Air Act violation at issue occurred at the time the pertinent construction or modification began.[4] Therefore, the pertinent regulations are those in effect at that time and not those that were in effect at an earlier date when the permit application might have been made. The PSD regulations in effect at the time Westvaco began making changes were the 1980 regulations, 45 Fed. Reg. 52676.[5]

Westvaco contends that if it had applied for the required PSD permits prior to the DEP, it would have qualified for an exemption from the requirement to install BACT limiting the emission of $SO_2$, and/or that under the 1978 regulations, there would have been no BACT limit imposed. Since there would have been no BACT limit, Westvaco argues, there have been no excess emissions and therefore, no irreparable injury as a result of any failure to get a PSD permit.

---

[4] A PSD violation occurs at the time the alleged construction or modification begins. United States v. Westvaco Corp., 144 F. Supp. 2d 439, 443 (D. Md. 2001).

[5] The prior, 1978, PSD regulations were largely struck down by the D.C. Circuit in June 1979, and the 1980 PSD regulations went into full effect in August 1980. 45 Fed. Reg. 52,676 (Aug. 7, 1980).

A.  The 40 C.F.R. § 52.21(i)(4)(v) Exemption

Title 40 C.F.R. § 52.21(i)(4)(v) provides for an exemption from BACT if:

> The source or modification was not subject to 40 CFR 52.21 as in effect on June 19, 1978 or under the partial stay of regulations published on February 5, 1980 (45 FR 7800), and the owner or operator:
>
> (a)  Obtained all final federal, state and local preconstruction approvals or permits necessary under the applicable State Implementation Plan before August 7, 1980;
>
> (b)  Commenced construction within 18 months from August 7, 1980, or any earlier time required under the applicable State Implementation Plan; and
>
> (c)  Did not discontinue construction for a period of 18 months or more and completed construction within a reasonable time.

40 C.F.R. § 52.2(i)(4)(v).

Westvaco is not entitled to summary judgment by virtue of this exemption at least because it did not, in fact, obtain all federal permits prior to August 7, 1980.  The Court does not accept Westvaco's position that it must be treated as if it had timely applied for, and obtained, the federal permits.  Westvaco would wish to be able to ignore the August 7, 1980 deadline or interpret the regulation so that one who obtained all the required permits, but on August 9, 1980, would not get the

5

exemption while Westvaco, who never got all the required permits, would be exempt.

The Court need not, and will not, address the Government's additional contentions[6] regarding the inapplicability of this exemption.

B. The 40 C.F.R. § 52.21(i)(9)

Title 40 C.F.R. § 52.21(i)(9) provides for an exemption from BACT:

> if the owner or operator of the source or modification submitted an application for a permit under those regulations before August 7, 1980, and the Administrator subsequently determines that the application as submitted before that date was complete.

40 C.F.R. § 52.21(i)(9).

Westvaco is not entitled to summary judgment by virtue of this exemption at least because it did not, in fact, submit an application for a permit prior to August 7, 1980. Nor, of

---

[6] For example, that there is a genuine issue of material fact as to whether the construction was completed within a reasonable time. The fact – if it is a fact – that Westvaco "reasonably" adhered to a construction schedule agreed to by the State of Maryland does not definitively establish that the construction was completed within a reasonable time. The Government offers the contrary opinion of Neil McCubbin. The Court cannot find that there is no genuine issue regarding the time taken to complete construction.

6

course, did the EPA determine that the application as submitted before that date was complete.

The Court does not accept Westvaco's position that it must be treated as if it had applied for, and obtained, the federal permits.

### C. The 1978 Regulations

Even assuming that the pertinent inquiry was under the 1978 regulations, Westvaco would not be entitled to summary judgment.

The Court does not agree with Westvaco's persistently made – and certainly preserved for appeal – contentions based upon the existence of a 49 ton per day emissions cap both before and after the DEP. The Court does not accept the theory that, by virtue of the continuation of the cap, the DEP did not result in an increase in allowable emissions.

### D. Remedy Scope

Of course, the Court has yet to hear all the pertinent evidence and make requisite findings of fact. The Court is not necessarily limited in framing any remedy to require a defendant to do no more than it had to do to avoid violating the law. See United States v. Deaton, 332 F.3d 698, 714 (4th Cir. 2002)(affirming the district court's remediation order in a

Clean Water Act case). Rather, "a court has the equitable authority to order a full and complete remedy for harms caused by a past violation, and in doing so may go beyond what is necessary for compliance with the statute." United States v. Cinergy Corp., 582 F. Supp. 2d 1055, 1061 (S.D. Ind. 2008).

The Court finds that there are genuine issues of material fact that prevent summary judgment establishing that the Government cannot prove excess emissions and/or other grounds for a finding of irreparable harm.

IV.   CONCLUSION

For the foregoing reasons, Defendant Westvaco Corporation's Motion for Summary Judgment on the Inapplicability of BACT to the Digester Expansion Project [Document 304] is DENIED.

SO ORDERED, on Friday, September 14, 2012.

/s/_____
Marvin J. Garbis
United States District Judge