UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    *Plaintiff*,<br><br>v.<br><br>WESTVACO CORP.,<br><br>    *Defendant, and*<br><br>LUKE PAPER COMPANY,<br><br>    *Intervenor.* | Civ. No. MJG 00-CV-2602 |

**UNITED STATES' MEMORANDUM IN SUPPORT OF MOTION *IN LIMINE* TO
EXCLUDE CERTAIN TESTIMONY BY COLIN M. CAMPBELL**

ROD J. ROSENSTEIN
United States Attorney

MICHAEL DIPIETRO
Assistant United States Attorney
36 South Charles Street
Fourth Floor
Baltimore, MD 21201
(410) 209-4800 (PHONE)

IGNACIA S. MORENO
Assistant Attorney General
Environment and Natural Resources Division

MARK C. ELMER
CARA MROCZEK
DANIEL SMITH (Bar. No. 27267)
U.S. Department of Justice
Environment and Natural Resources Division
Environmental Enforcement Section
999 Eighteenth Street, South Terrace, Suite 370
Denver, CO 80202
(303) 844-1352 (PHONE)

OF COUNSEL:

ROBERT STOLTZFUS
Assistant Regional Counsel
U.S. Environmental Protection Agency
1650 Arch Street (3RC42)
Philadelphia, PA 19103

*Attorneys for the United States of America*

Westvaco Corp.'s ("Westvaco") witness list includes Colin M. Campbell, a professed expert in Clean Air Act permitting and compliance matters. Mr. Campbell is expected to offer five opinions on Clean Air Act permitting matters. His first two opinions are the subject of this motion: (1) that the applicability of the preconstruction PSD permitting requirement should be determined using the 1978 PSD rule, not the 1980 PSD rule, by virtue of an exemption in the 1980 PSD rule; and (2) that Westvaco could have applied for a PSD permit in May 1980 that would not have included a BACT requirement by virtue of a grandfathering provision in the 1980 PSD rule. *See* Expert Report of Colin Campbell at 1-2 (attached as Ex. 1). Both of these opinions are premised on legal theories that the Court expressly rejected in its Memorandum and Order Re: Inapplicability of BACT (Doc. No. 327). As such, they are no longer relevant. Even if the Court had not previously rejected them, Mr. Campbell's two theories constitute impermissible legal opinion testimony. Exclusion of testimony on Mr. Campbell's first two opinions will prevent trial time from being wasted on legal issues that this Court has already decided. Accordingly, the United States respectfully requests that the Court exclude testimony from Mr. Campbell on the first and second opinions set forth in his expert report.

## BACKGROUND

In his February 21, 2012 expert report, Mr. Campbell offers two legal rationales to excuse Westvaco's failure to obtain a PSD permit for the DEP and/or install BACT. First, as Mr. Campbell summarized,

> Based on the dates when Westvaco obtained the non-PSD permit for the DEP and commenced its construction, applicability of the preconstruction PSD permitting requirement should be determined using the 1978 PSD rule, not the 1980 PSD rule. The DEP was not a major modification under the 1978 PSD rule and would not have been subject to the preconstruction PSD permitting requirements under that rule. The 1980 PSD rule included grandfathering provisions that allowed the

1

> DEP and similar projects to proceed without PSD permits even if they would otherwise have been subject to the preconstruction permitting requirement in the 1980 PSD rule.

See Ex. 1 (Expert Report of Colin Campbell) at 1.  More specifically, Mr. Campbell states that a provision of the 1980 PSD rule – 40 C.F.R. § 52.21(i)(4)(v) – provides a "complete exemption" from the rule for projects that were not subject to the 1978 PSD rule and met certain timing criteria, including the commencement of construction within 18 months of August 7, 1980. *Id*. at 8.  As Mr. Campbell contends that the DEP met the timing requirements of 40 C.F.R. § 52.21(i)(4)(v), he concluded that "the DEP was grandfathered from the preconstruction permitting requirements in the 1980 PSD rule." *Id*.

Mr. Campbell summarizes his second rationale to excuse Westvaco's failure to install BACT in connection with the DEP as follows:

> In addition to the non-PSD permit that it actually applied for in May 1980, Westvaco could have applied for a PSD permit for the DEP in the same timeframe. Had such an application been submitted, because there was no increase in allowable emissions of SO2 emissions from the modification, the BACT requirement would not have applied.

*Id*. at 1-2.  In further explanation of this opinion, Mr. Campbell states that a second grandfathering provision in the 1980 PSD rule – 40 C.F.R. § 52.21(i)(9) – grants a partial exemption from the requirements of the 1980 PSD rule for projects that were subject to the requirements previously in effect.  Mr. Campbell contends that "if Westvaco had elected to comply with the PSD regulation by obtaining a preconstruction PSD permit for the DEP, Westvaco would have had to submit a complete permit application by February 1980 in order to ensure its ability [to] begin construction of the DEP on schedule."  As this date precedes the deadline for grandfathering BACT requirements under 40 C.F.R. § 52.21(i)(9), Mr. Campbell

2

concludes that Westvaco would have obtained a PSD permit for the DEP pursuant to the 1978 rule that would not have included a BACT requirement. *Id*. at 11-12.

## ARGUMENT

I. **THE COURT HAS ALREADY REJECTED THE LEGAL THEORIES PRESENTED IN MR. CAMPBELL'S FIRST AND SECOND EXPERT OPINIONS, MAKING HIS TESTIMONY IRRELEVANT**

Mr. Campbell's opinion that the two grandfathering provisions in the 1980 PSD regulations – one under 40 C.F.R. § 52.21(i)(4)(v) and the other under 40 C.F.R. § 52.21(i)(9) – apply to relieve Westvaco of the responsibility to install BACT for the DEP are identical to two arguments that Westvaco raised in its Motion for Summary Judgment on the Inapplicability of BACT to the Digester Expansion Project (Doc. No. 304). This Court squarely rejected both arguments in its Memorandum and Order Re: Inapplicability of BACT (Doc. No. 327). With respect to Westvaco's contention that 40 C.F.R. § 53.21(i)(4)(v) in the 1980 PSD regulations provided an exemption from BACT for sources that, among other things, obtained necessary pre-construction permits before August 7, 1980, the court found that Westvaco did not obtain the necessary permits prior to that date. (Order at 5.) The Court rejected Westvaco's position that it must be treated as if it had timely applied for, and obtained, the required permits. The Court similarly rejected Westvaco's contention that 40 C.F.R. § 52.21(i)(9) provides an exemption from BACT for entities that submitted an application for a PSD permit under the 1978 PSD regulations before August 7, 1980. The Court found that Westvaco's failure to in fact submit an application for a PSD permit prior to the August 7, 1980 deadline precluded that argument. (Order at 6.) The Court also stated that it "does not accept Westvaco's position that it

must be treated as if it had applied for, and obtained, the federal permits" (Order at 7), a notion that is central to Mr. Campbell's expert opinion on this issue. *See* Expert Report of C. Campbell at 10-11 (stating that "if Westvaco had elected to comply with the PSD regulation by obtaining a preconstruction PSD permit for the DEP, Westvaco would have had to submit a complete PSD permit application by February 1980 in order to ensure its ability begin construction of the DEP on schedule").

As the Court has already, as a matter of law, rejected Westvaco's contention that 40 C.F.R. § 53.21(i)(4)(v) and 40 C.F.R. § 52.21(i)(9) in the 1980 PSD rules independently operate to grandfather the DEP from the requirement to install BACT, Mr. Campbell's expert testimony articulating the very same argument is simply irrelevant. There is no reason to entertain testimony on two issues that have been decided. Accordingly, the Court should exclude testimony from Mr. Campbell on the first and second opinions set forth in his report.

## II. MR. CAMPBELL'S FIRST AND SECOND EXPERT OPINIONS CONSTITUTE LEGAL OPINION TESTIMONY THAT SHOULD BE EXCLUDED

Mr. Campbell's first two opinions should also be excluded on the independent basis that they constitute legal opinion testimony. While Rule 702 permits expert testimony on scientific, technical, or other matters involving specialized knowledge where the testimony "will assist the trier of fact to understand the evidence or determine a fact in issue," Fed. R. Evid. 702, expert testimony that "states a legal standard or draws a legal conclusion by applying law to the facts" is not helpful to the trier of fact. *See United States v. Offill*, 666 F.3d 168, 175 (4th Cir. 2011); *United States v. McIver*, 470 F.3d 550, 562 (4th Cir. 2006). Here, Mr. Campbell's first two opinions offer a detailed explanation of two provisions in the 1980 PSD rules, legal standards that Mr. Campbell contends are applicable to this case, and purport to apply the facts of the case

4

to the legal standards. That is exactly what he cannot do under prevailing Fourth Circuit precedent. This Court is fully equipped to analyze the prevailing law and apply the facts of this case to the law (as it has in fact already done, as discussed above). It would serve no purpose to admit Mr. Campbell's expert testimony on these same points. *See also United States v. Ohio Edison Co.*, 2003 WL 723269 at *1 (S.D. Ohio 2003) (excluding expert interpretations of EPA regulations as inadmissible legal conclusions); *United States v. Southern Indiana Gas & Electric Co.*, 2002 WL 31427523 at *7-8 (S.D. Ind. 2002) (excluding opinions "on the applicability of NSR rules to existing sources" as "this is a question of legal interpretation of the CAA and its accompanying regulations").

### III. EXCLUSION OF MR. CAMBELL'S FIRST AND SECOND EXPERT OPINIONS WILL STREAMLINE THE ISSUES PRESENTED FOR TRIAL

The exclusion of testimony on Mr. Campbell's first and second expert opinions will significantly reduce the amount of trial time allocated to Mr. Campbell. Both opinions require an explanation of EPA's 1978 and 1980 PSD rules, and the legal backdrop for those rules. This is no simple task. Mr. Campbell dedicates six pages of his expert report to an explanation of the basis for his first and second opinions, including a discussion of the regulatory language of the 1978 PSD rule, the 1979 proposed revisions to the 1978 rules, two D.C. Circuit's opinions in the *Alabama Power Co. v. Costle* case, the January 1980 administrative stay of the 1978 rule, and the regulatory language of the 1980 PSD rule. *See* Expert Report of C. Campbell at 7-12. There can be no doubt that Mr. Campbell's explanation of his opinions at trial will take significant trial time, making it more difficult to complete the presentation of evidence within the initial two week trial window. *See* Remedy Phase Trial Scheduling Order at 2 (scheduling trial for December 10 through December 21, with additional trial days the week of January 14, 2013, if

necessary). There is simply no reason to allocate trial time and complicate the presentation of evidence on issues that have already been decided by the Court.

## CONCLUSION

For the foregoing reasons, the Court should exclude all testimony from Colin M. Campbell related to his first and second expert opinions.

>Respectfully submitted,
>
>ROD J. ROSENSTEIN
>United States Attorney
>
>MICHAEL DIPIETRO
>Assistant United States Attorney
>36 South Charles Street
>Fourth Floor
>Baltimore, MD 21201
>(410) 209-4800 (PHONE)
>Michael.DiPietro@usdoj.gov (EMAIL)
>
>IGNACIA S. MORENO
>Assistant Attorney General
>Environment and Natural Resources Division
>
>  /s/ Mark C. Elmer
>MARK C. ELMER
>CARA MROCZEK
>DANIEL SMITH (Bar No. 27267)
>U.S. Department of Justice
>Environment and Natural Resources Division
>Environmental Enforcement Section
>1961 Stout Street, 8th Floor
>Denver, CO 80294
>(303) 844-1352 (PHONE)
>(303) 844-1350 (FAX)
>Mark.Elmer@usdoj.gov (EMAIL)

OF COUNSEL:

ROBERT STOLTZFUS
Assistant Regional Counsel
U.S. Environmental Protection Agency
1650 Arch Street (3RC42)
Philadelphia, PA 19103

*Attorneys for the United States of America*

## CERTIFICATE OF SERVICE

      I hereby certify that I electronically filed the foregoing Memorandum In Support Of Motion *In Limine* To Exclude Certain Testimony By Colin M. Campbell on November 16, 2012, using the court's CM/ECF system which sent notification of such filing to:

Charles Harry Haake
Peter Eric Seley
GIBSON DUNN AND CRUTCHER LLP
1050 Connecticut Ave NW
Washington, DC 20036
chaake@gibsondunn.com
pseley@gibsondunn.com

*Attorneys for Defendant Westvaco Corporation*

Howard B. Epstein
Sami B. Groff
SCHULTE ROTH AND ZABEL LLP
919 Third Ave
New York, NY 10022
howard.epstein@srz.com
sami.groff@srz.com

*Attorneys for Intervenor Luke Paper Company*

                                                     s/ Mark C. Elmer
                                                     Mark C. Elmer