# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND
### Northern Division

|  |  |
|---|---|
| **UNITED STATES OF AMERICA**<br><br>Plaintiff,<br><br>v.<br><br>**WESTVACO CORPORATION**<br><br>Defendant. | CASE NO. MJG 00-CV-2602 |

## DEFENDANT WESTVACO CORPORATION'S RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION *IN LIMINE* TO EXCLUDE CERTAIN TESTIMONY BY COLIN M. CAMPBELL

Raymond B. Ludwiszewski (Bar No. 14905)
*rludwiszewski@gibsondunn.com*
Charles H. Haake (*pro hac vice*)
*chaake@gibsondunn.com*
Justin A. Torres (*pro hac vice*)
*jtorres@gibsondunn.com*
GIBSON, DUNN & CRUTCHER LLP
1050 Connecticut Avenue, N.W.
Washington, D.C. 20036-8500
(202) 955-8500 (voice)
(202) 467-0539 (facsimile)

*Counsel for Defendant Westvaco Corporation*

**TABLE OF CONTENTS**

**Page**

I. INTRODUCTION ........................................................................................................... 1

II. FACTUAL BACKGROUND ........................................................................................ 2

III. ARGUMENT ................................................................................................................. 3

    A. Mr. Campbell's discussion of the legal and regulatory framework applicable in this case is not an inadmissible legal conclusion. ............................. 3

    B. Mr. Campbell's testimony as to whether it was reasonable for Westvaco to conclude that the DEP was not subject to PSD review is relevant and helpful to the trier of fact. ........................................................................................ 8

    C. Mr. Campbell's testimony will not expend an undue amount of additional trial time. ................................................................................................ 9

IV. CONCLUSION .............................................................................................................. 9

## TABLE OF AUTHORITIES

**Page(s)**

### Cases

*Applegate v. United States*,
  35 Fed. Cl. 406 (Fed. Cl. 1996) ............................................................................... 7

*Daubert v. Merrell Dow Pharms., Inc.*,
  509 U.S. 579 (1993) ................................................................................................. 8

*Ford v. Allied Mut. Ins. Co.*,
  72 F.3d 836 (10th Cir. 1996) .................................................................................... 6

*Hangarter v. Provident Life & Accident Ins. Co.*,
  373 F.3d 998 (9th Cir. 2004) .................................................................................... 6

*In re Fosamax Prods. Liab. Litig.*,
  645 F. Supp. 2d 164 (S.D.N.Y. 2009) ...................................................................... 7

*Kopf v. Skyrm*,
  993 F.2d 374 (4th Cir. 1993) .................................................................................... 4

*Principal Mut. Life Ins. Co. v. United States*,
  26 Cl. Ct. 616 (1992) ............................................................................................... 7

*Schott v. I-Flow Corp.*,
  696 F. Supp. 2d 898 (S.D. Ohio 2010) ..................................................................... 7

*Sierra Club v. Tennessee Valley Authority*,
  592 F.Supp.2d 1357 (N.D. Ala. 2009) ..................................................................... 8

*Specht v. Jensen*,
  853 F.2d 805 (10th Cir. 1988) .................................................................................. 6

*United States v. Barile*,
  286 F.3d 749 (4th Cir. 2002) .................................................................................... 4

*United States v. Bedford*,
  536 F.3d 1148 (10th Cir. 2008) ................................................................................ 5

*United States v. Mikutowicz*,
  365 F.3d 65 (1st Cir. 2004) ...................................................................................... 5

*United States v. Offill*,
  666 F.3d 168 (4th Cir. 2011) ................................................................................ 5, 6

*United States v. Smithers*,
  212 F.3d 306 (6th Cir. 2000) .................................................................................... 8

*United States v. Stadtmauer*,
  620 F.3d 238 (3d Cir. 2010) ................................................................................. 4, 5

*United States v. Wade*,
  203 F. App'x 920 (10th Cir. 2006) ........................................................................... 5

## TABLE OF AUTHORITIES
(continued)

**Page(s)**

*Woods v. Lecureux*,
  110 F.3d 1215 (6th Cir. 1997) .................................................................................... 4

### Rules

Fed. R. Evid 401 ............................................................................................................... 8
Fed. R. Evid. 702 .............................................................................................................. 4
Fed. R. Evid. 704(a) ......................................................................................................... 3

### Regulations

40 C.F.R. § 52.21(i)(4)(v) ................................................................................................. 3
40 C.F.R. § 52.21(i)(9) ..................................................................................................... 3

Defendant, Westvaco Corporation ("Westvaco") hereby submits the following response in opposition to Plaintiff's Motion *In Limine* to Exclude Certain Testimony by Colin M. Campbell (Doc. No. 335).

## I.  INTRODUCTION

At trial, Westvaco intends to offer the expert opinion of Colin M. Campbell, a nationally renowned expert on the Prevention of Significant Deterioration ("PSD") provisions of the Clean Air Act and on permitting under those regulations.  Part of the opinions Mr. Campbell will offer concerns Westvaco's conclusion in 1980 that the DEP did not trigger PSD review and the obligation to implement Best Available Control Technology.  Mr. Campbell will testify that, even though the Court has disagreed with Westvaco's interpretation of the applicability of PSD to $SO_2$ emissions from the power boiler, given the complex applicable legal regime and intricate interplay between the 1978 PSD regulations and the 1980 regulations, it was reasonable for Westvaco to conclude that the DEP was not subject to PSD review and BACT requirements because the $SO_2$ emissions from the power boilers were limited by its emissions cap.

The United States has filed a motion *in limine* to exclude certain portions of Mr. Campbell's testimony, arguing that Mr. Campbell's testimony is not relevant in light of the Court's Memorandum and Order Re: Inapplicability of BACT (Doc. No. 327), and that those portions of Mr. Campbell's testimony amount to legal conclusions.[1]  To the contrary, Mr. Campbell's testimony does not run counter to this Court's order; rather, it is relevant to determining whether Westvaco believed in good faith that it was complying with the law, which is a factor this Court may consider in determining whether to grant injunctive relief.

---

[1] The Government has not sought to exclude all of Mr. Campbell's opinions.

Furthermore, Mr. Campbell's opinion is consistent with a long line of cases allowing experts to explain to a trier of fact complex regulatory standards and requirements. His opinions concerning these legal requirements will aid this Court in understanding the facts in evidence and his ultimate opinion regarding the reasonableness of Westvaco's conduct. As such, this Court should deny the Government's motion *in limine*.

## II.   FACTUAL BACKGROUND

Westvaco will present evidence at trial that it reasonably concluded that PSD permitting did not apply to the DEP because SO2 emissions from the power boilers would remain below the mill's SO2 cap. Westvaco submitted its application to the State of Maryland for a permit to construct the two new digesters on May 9, 1980. Robert Dickinson will testify that prior to submitting the application he made a determination that the 1978 version of the PSD regulations—which was applicable at the time—did not apply to the addition of the new digesters because SO2 emissions were covered under the cap. After the 1980 version of the PSD regulations were finalized, Mr. Dickinson reviewed them and determined that the analysis did not change.

Mr. Campbell's opinion will support the conclusion that this interpretation was reasonable given the changes that the PSD regulations were undergoing at the time. Mr. Campbell is a nationally renowned expert on the application of the PSD regulations to industrial sources. Mr. Campbell frequently holds training courses on PSD that are widely attended by industry lawyers, and state and federal regulators. Mr. Campbell has earned degrees in mechanical engineering and economics, and has worked as a consultant on Clean Air Act permitting and compliance matters since 1991. On numerous occasions, Mr. Campbell has provided expert testimony in other cases on behalf of private permitees and state entities. *See*

2

Appendix A to Campbell Report (providing Mr. Campbell's Curriculum Vitae and summarizing his relevant experience). Mr. Campbell's expertise and qualifications in this area are not challenged by the Government.

Mr. Campbell reaches his conclusion on the basis of his decades of experience on the application of the PSD regulations to industrial sources, as well as his analysis of the applicability of the PSD regulations to the addition of the new digesters at the Luke Mill. As explained in his expert report (attached as Exhibit 1 to the Government's Memorandum), Mr. Campbell considered whether a reasonable reading of the 1978 PSD regulations could lead to the conclusion that the DEP was not a major modification under those rules, and also whether the DEP was subject to the January, 1980 Stay of the 1978 PSD regulations. Campbell Report at 8-9. Given that conclusion, Mr. Campbell opines that a reasonable reading of 40 C.F.R. § 52.21(i)(9) and/or 40 C.F.R. § 52.21(i)(4)(v) of the 1980 regulations would be that the DEP is exempted from the BACT requirements of the 1980 PSD Rules. Campbell Report at 9-12. Consequently, given the interplay between the 1978 PSD regulations and the 1980 regulations, Westvaco's conclusion that the PSD and BACT requirements in the 1980 regulations was reasonable.

### III.   ARGUMENT

**A.   Mr. Campbell's discussion of the legal and regulatory framework applicable in this case is not an inadmissible legal conclusion.**

Federal Rule of Evidence 704 permits expert testimony on the ultimate issue in litigation. *See* Fed. R. Evid. 704(a) ("An opinion is not objectionable just because it embraces an ultimate issue."). In addition, Federal Rule of Evidence 702 provides that if "scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness who is qualified as an expert . . . may testify in the form of an opinion or

3

otherwise." Fed. R. Evid. 702.  As such, expert testimony on an ultimate issue may be excluded pursuant to Rule 702 only if it does not assist the trier of fact.  *See Kopf v. Skyrm*, 993 F.2d 374, 377-78 (4th Cir. 1993) (stating that, while "[a]n opinion is not objectionable simply because it embraces an ultimate issue to be decided by the trier of fact, . . . such an opinion may be excluded if it is not helpful to the trier of fact under Rule 702") (internal quotation omitted).

To be sure, "testimony offering nothing more than a legal conclusion—*i.e.*, testimony that does little more than tell the jury what result to reach—is properly excluded under the Rules."  *United States v. Barile*, 286 F.3d 749, 760 (4th Cir. 2002) (citing *Woods v. Lecureux*, 110 F.3d 1215, 1220 (6th Cir. 1997); *see also Weinstein's Federal Evidence* § 704.04[2][a] (2d ed. 2001) ("The most common reason for excluding opinion testimony that gives legal conclusion is lack of helpfulness. . . .  The testimony supplies the jury with no information other than the witness's view of how the verdict should read.").  However, where an expert witness provides his opinion as to the complex standards, regulations, and practices that govern a whole industry, that witness's testimony is admissible in order to provide the trier of fact with a greater understanding of such a legal and regulatory framework and how that framework elucidates certain facts at issue and might impact the ultimate issue in any particular case.  In particular, Mr. Campbell's testimony in this case would assist the Court in understanding how a regulated entity would have viewed these complex regulations at the time—over three decades ago.  In an area of similar complexity—e.g., statutes and regulations pertaining to taxation—courts consistently have allowed expert testimony on the legal and regulatory tax framework and how that framework interacts with the facts at issue in a given dispute.

In *United States v. Stadtmauer*, 620 F.3d 238 (3d Cir. 2010), for example, a panel of the Third Circuit joined the majority of Circuits in allowing the admission of testimony by an IRS

4

agent describing the legal and regulatory tax framework and how those regulations interacted with the facts in the case at bar, along with hypothetical situations targeted at elucidating the facts at issue, *id*. at 269.  As the court in *Stadtmauer* described, "In her direct testimony, [IRS agent] Grant described how a partnership tax return is prepared, and explained where on the return different categories of deductions were reported.  Grant explained how she totaled the expenses she determined were improperly deducted from each partnership return, and carried them through to a summary chart for each partnership for each tax year, illustrating how the total amount of improper deductions affected the net income reported to the IRS." *Id.*  The Third Circuit found the admission of IRS Agent Grant's testimony not to be an abuse of the district court's discretion, and held that "expert testimony by an IRS agent which expresses an opinion as to the proper tax consequences of a transaction is admissible evidence." *Id.* (quoting *United States v. Mikutowicz*, 365 F.3d 65, 72 (1st Cir. 2004)); *see also United States v. Bedford*, 536 F.3d 1148, 1158 (10th Cir. 2008) ("[W]e agree that a properly qualified IRS agent may analyze a transaction and give expert testimony about its tax consequences." (quoting *United States v. Wade*, 203 F. App'x 920, 930 (10th Cir. 2006) (unpublished))).

This principle extends to cases involving other industries that are subject to complex statutory and regulatory schemes.  A number of courts, including a panel of the Fourth Circuit, have permitted experts to provide testimony concerning the legal and regulatory framework and how that framework might impact the ultimate issue in any particular case.  In *United States v. Offill*, 666 F.3d 168 (4th Cir. 2011), a case cited by the Government in its motion *in limine*, the Government offered an expert witnesses to testify about certain legal and statutory issues in a prosecution involving a "pump and dump" stock scheme.  The Government's expert witnesses testified as to certain complex and unfamiliar aspects of the securities industry, including a

5

discussion of specific statutes and regulations governing various securities transactions. The witnesses also testified hypothetically as to certain situations that mirrored the factual allegations in the case. The Court permitted the testimony, and the Fourth Circuit affirmed, holding that:

> [t]he specialized nature of the legal regimes involved in this case and the complex concepts involving securities registration, registration exemptions, and specific regulatory practices make it a typical case for allowing expert testimony that arguably states a legal conclusion in order to assist the jury. The jury in this case needed to understand not only federal securities registration requirements but also the operation of several obscure Texas Code provisions and their relationship to the federal regime.

*Id.* at 175.

Other courts have agreed with the Fourth Circuit's conclusion. A panel of the Ninth Circuit in *Hangarter v. Provident Life & Accident Ins. Co.*, 373 F.3d 998 (9th Cir. 2004), allowed for the admission of an insurance industry expert's testimony regarding "insurance practices and standards" and "how insurance companies in general, and Defendants in particular, adjust claims," *id*. at 1016. The court in *Hangarter* rejected a challenge to the admission of such testimony by that expert, Frank Caliri, after determining that his "testimony did not improperly usurp the court's role by instructing the jury as to the applicable law." *Id*. at 1017. As the Court held, "[a]lthough Caliri's testimony that Defendants departed from insurance industry norms relied in part on his understanding of the requirements of state law, . . . 'a witness may refer to the law in expressing an opinion without that reference rendering the testimony inadmissible. Indeed, a witness may properly be called upon to aid the jury in understanding the facts in evidence even though reference to those facts is couched in legal terms.'" *Id.* (quoting *Specht v. Jensen*, 853 F.2d 805, 809 (10th Cir. 1988)); *accord Ford v. Allied Mut. Ins. Co*., 72 F.3d 836, 841 (10th Cir. 1996).

Other district courts have reached similar conclusions in cases involving particularly complex sets of legal and regulatory standards. *See Schott v. I-Flow Corp.*, 696 F. Supp. 2d 898, 905 (S.D. Ohio 2010) (permitting expert to testify about "the complex regulatory scheme applicable to medical devices [because] Plaintiffs do not offer her testimony as an opinion on the ultimate issue of Ohio law, whether Defendant failed to adequately warn about its product, and therefore Defendant's objections are lacking in merit."); *In re Fosamax Prods. Liab. Litig.*, 645 F. Supp. 2d 164, 192 n.16 (S.D.N.Y. 2009) (same); *Applegate v. United States*, 35 Fed. Cl. 406, 424-25 (Fed. Cl. 1996) (permitting a state official to testify as to state regulations in a regulatory takings case after determining that "expert testimony reaching legal conclusions may be admissible 'where the testimony concerns state law or a technical provision peculiar to the . . . industry'" (quoting *Principal Mut. Life Ins. Co. v. United States*, 26 Cl. Ct. 616, 623 (1992))).

Mr. Campbell's testimony will fit squarely within the allowable parameters designated by the Federal Rules and by these courts. Mr. Campbell is not providing an expert opinion as to the proper legal standard that must be employed by the trier of fact in this case. To the contrary, Mr. Campbell seeks to opine on the reasonableness of Westvaco to conclude *at the time* that the DEP was not subject to PSD review and BACT. In order to achieve this, Mr. Campbell relies on his more than two decades of experience to analyze how the 1978 and the 1980 PSD regulations could reasonably have been applied to the DEP when Westvaco was determining PSD applicability at the time. The fact that this analysis relies on the legal and regulatory standards does not render his opinions inadmissible.

**B.     Mr. Campbell's testimony as to whether it was reasonable for Westvaco to conclude that the DEP was not subject to PSD review is relevant and helpful to the trier of fact.**

Pursuant to Federal Rule of Evidence 401, evidence is relevant if "(a) it has *any* tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." Fed. R. Evid 401 (emphasis added). In *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579 (1993), the Supreme Court made clear that "the [trial] court must ensure that the proposed expert testimony is relevant to the task at hand and will serve to aid the trier of fact." *United States v. Smithers*, 212 F.3d 306, 313 (6th Cir. 2000). A defendant's good faith effort to comply with the law is a factor a court may consider in deciding whether the imposition of equitable relief is proper. *See, e.g., Sierra Club v. Tennessee Valley Authority*, 592 F. Supp. 2d 1357, 1368 (N.D. Ala. 2009) (refusing to impose injunctive relief in part where the defendant had a good faith belief its emissions were in compliance with its permit).

The Government's argument that Mr. Campbell's opinions are different than this Court's prior holding therefore misses the point. As explained in greater detail in Westvaco's pretrial brief, Mr. Campbell's opinion is relevant to the reasonableness of Westvaco's conclusion in 1980 that the DEP was not subject to PSD permitting and the obligation to implement BACT. That evidence is relevant to this Court's determination as to whether to grant the Government injunctive relief in this case, and to Westvaco's argument that the equities do not favor imposing injunctive relief on Westvaco.[2]

---

[2] As further support for the reasonableness of Westvaco's conclusion and the company's good faith efforts to comply with the law, the evidence will show that Westvaco confirmed on at

[Footnote continued on next page]

C.  **Mr. Campbell's testimony will not expend an undue amount of additional trial time.**

Lastly, the Government contends that limiting Mr. Campbell's testimony will have as a desirable consequence the reduction of trial time required to be expended on Mr. Campbell's testimony. Of course, this cannot be reason alone to exclude Mr. Campbell's testimony, and neither Rule 702 nor Rule 704 include reduction of overall trial time as a factor for the court to consider when determining whether to exclude testimony. Moreover, these aspects of Mr. Campbell's opinion are just part of the testimony he intends to offer in this case; they will not substantially increase the time required for his testimony, and certainly will have little impact on whether the trial will be completed in the time allotted by this Court.

IV.  **CONCLUSION**

For the foregoing reasons, this Court should deny the Government's motion *in limine* to exclude these portions of Mr. Campbell's opinions from trial.

---

[Footnote continued from previous page]
   least four occasions its interpretation of the applicability of PSD to SO2 emissions from the mill's power boilers with the State of Maryland, and in each instance the State agreed.

DATED: November 28, 2012								Respectfully submitted,

/s/
_____
Raymond B. Ludwiszewski (Bar No. 14905)
*rludwiszewski@gibsondunn.com*
Charles H. Haake (*pro hac vice*)
*chaake@gibsondunn.com*
Justin A. Torres (*pro hac vice*)
*jtorres@gibsondunn.com*
GIBSON, DUNN & CRUTCHER LLP
1050 Connecticut Avenue, N.W.
Washington, D.C. 20036-8500
(202) 955-8500 (voice)
(202) 467-0539 (facsimile)

*Counsel for Defendant Westvaco Corporation*

## CERTIFICATE OF SERVICE

I hereby certify that on November 28, 2012, a true and correct copy of the foregoing Defendant Westvaco Corporation's Response In Opposition To Plaintiff's Motion In Limine To Exclude Certain Testimony By Colin M. Campbell was filed using the Court's electronic case filing system, which results in service on all counsel of record registered on the case management/electronic filing ("CM/ECF") system.

                                                                   /s/
                                              Charles H. Haake