UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>Plaintiff,<br><br>v.<br><br>WESTVACO CORPORATION<br><br>Defendant. | CASE NO. MJG 00-CV-2602 |

**DEFENDANT WESTVACO CORPORATION'S OPPOSITION TO THE GOVERNMENT'S MOTION FOR LEAVE TO FILE A SURREPLY**

In its proposed findings of fact and response brief, Westvaco showed how even if all of the Government's evidence at trial were accepted as correct, it has still failed to show that the "excess emissions" from the Luke Mill have have caused any non-trivial harm to human health or the environment.  In order to distract from this glaring weakness of its case, the Government has filed a motion for leave to file a surreply and a proposed surreply on a tangential issue concerning Dr. Leland Deck's opinions on the magnitude of the increased risk of premature death on account of the "excess emissions" and the "value of statistical life" resulting from that increased risk.  The Government's motion should be denied because its surreply amounts to nothing more than an attempt to offer new evidence and calculations that are contradicted by Dr. Deck's sworn testimony on the stand.

The Government seeks to walk back two of Dr. Deck's statements at trial: that the risk of dying from a 1 microgram increase in PM2.5 concentrations is one in a million, and the individual willingness to pay to avoid the risk of dying from the Luke Mill "excess emissions" is at most about 34 cents.  Ultimately, the Government's attempt to contradict the testimony of its

1

own expert with new calculations is beside the point. Nothing in it changes the fundamental issues, which are that Dr. Deck's BenMap analysis is not sensitive enough to reliably distinguish 5.26 modeled deaths attributable to the "excess emissions" out of baseline of approximately 112,500 deaths in one year, *see* Westvaco Proposed FOF Nos. 238-243, and that the increased concentrations of PM2.5 attributable to Dr. Staudt's "excess emissions" are trivial using EPA's own assessment tools, *id.* Nos. 220-227.

Moreover, the new calculations offered by the Government in its proposed surreply are inconsistent with Dr. Deck's trial testimony. For example, the Government contends that the "[a]mount that a person would pay to avoid a 1 µg/m3 increase in ambient PM2.5 concentrations" is $860 and not $8.60. *See* Proposed Surreply Appendix A. However, Dr. Deck testified at trial that the individual willingness to pay to avoid the risk of death from a 1 microgram change in PM2.5 concentrations was $8.60:

> Q.  Okay. So let's do this. Could you put up the ELMO? This is the change, and this is the willingness to pay. This is 1 microgram per meter cubed change, right?
>
> A.  Yes.
>
> Q.  And the willing[ness] to pay is $8.60, right --
>
> A.  Yes.
>
> Q.  -- to avoid the risk of dying from this –
>
> A.  Yes.
>
> Q.  -- people will pay this?
>
> A.  Yes.

Trial Tr. at 35:3-12 (December 20, 2012). If the Government thought that there was some mistake in Dr. Deck's testimony on this question, it should have been raised during the trial on re-direct examination—and thus been subject re-cross examination—and not in a surreply brief.

Similarly, the Government now claims that the "[a]mount that a person in the most-impacted grid cell would pay to avoid the risk of dying posed by the excess emissions" is $29.24, as opposed to 34 cents. *See* Proposed Surreply Appendix A. Even if this point were significant to the outcome of these proceedings (which it is clearly not), this is not how Dr. Deck testified at trial:

> Q. The maximum concentration from the Luke Mill in 2005 in one grid square was 1/25th –
>
> A. Yes.
>
> Q. -- of one microgram. So what someone in that grid square would be willing to pay is 1/25th of $8.60, correct?
>
> A. Correct.
>
> THE COURT: Which is 48 cents. 34 cents?
>
> Q. I got 34. It's 34 cents.
>
> A. **Your concept, I totally agree with**. At the margin, the marginal value is 8.60, and it is purely linear at the margin.

Trial Tr. at 35:3-12 (December 20, 2012) (emphasis added). Again, the Government should not be permitted to contradict the testimony of its own expert through the guise of a surreply.

Courts have uniformly rejected "'back door' attempt[s] to insert expert testimony into the record free of the crucible of trial and cross-examination." *Kitzmiller v. Dover Area School Dist.*, 2005 WL 2736500, *1 (M.D. Pa. 2005) (striking an amicus brief containing expert testimony); *see also Hunt v. CNH America LLC*, 857 F. Supp. 2d 320, 339-40 (W.D.N.Y. 2012) (striking new expert testimony offered on a summary judgment reply). A motion for leave to file a surreply should be denied where the issues have been thoroughly aired. *See Gilbert v. Bangs*, 813 F. Supp. 2d 669, 678 (D. Md. 2011); *see also Tnaib v. Document Techs., LLC*, 450 F. Supp. 2d 87, 89 n.3 (D.D.C. 2006) (motions for leave to file a surreply are not favored). To permit this

"back door" attempt to offer new calculations concerning the opinions of an expert who cannot now be cross-examined concerning those calculations would be improper, and would not materially assist the trier of fact.  The Government's motion should be denied.

Respectfully submitted,

Dated:  April 26, 2013

/s/
Raymond B. Ludwiszewski (Bar No. 14905)
*rludwiszewski@gibsondunn.com*
Charles H. Haake (*pro hac vice*)
*chaake@gibsondunn.com*
Justin A. Torres (*pro hac vice*)
*jtorres@gibsondunn.com*
GIBSON, DUNN & CRUTCHER LLP
1050 Connecticut Avenue, N.W.
Washington, D.C. 20036-8500
(202) 955-8500 (voice)
(202) 467-0539 (facsimile)

*Counsel for Defendant Westvaco Corporation*

**CERTIFICATE OF SERVICE**

I hereby certify that on April 26, 2013, a true and correct copy of the foregoing DEFENDANT WESTVACO CORPORATION'S OPPOSITION TO THE GOVERNMENT'S MOTION FOR LEAVE TO FILE A SURREPLY was filed using the Court's electronic case filing system, which results in service on all counsel of record registered on the case management/electronic filing ("CM/ECF") system.



/s/
Charles H. Haake